1

**ZFATY | BURNS**
ISAAC R. ZFATY, State Bar No. 214987

2
irz@zfatyburns.com
GARRETT M. PRYBYLO, State Bar No. 304994

3
gp@zfatyburns.com
660 Newport Center Drive,

4
Newport Beach, CA 92660
Telephone: (949) 398-8080

5
Facsimile: (949) 398-8081

6

Attorneys for Plaintiff, OHIO HOUSE, LLC

7

8
## UNITED STATES DISTRICT COURT

9
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

11
OHIO HOUSE, LLC a California limited
liability company

| | |
|---|---|
| OHIO HOUSE, LLC a California limited liability company | Case No.: |
| Plaintiff, | Assigned for all Purposes to: |
| vs. | **COMPLAINT; DEMAND FOR TRIAL BY JURY** |
| CITY OF COSTA MESA, a municipal corporation; and | |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

**COMPLAINT**

# I.  INTRODUCTION

1.      Plaintiff Ohio House, LLC ("Ohio House") – provider of sober living dwellings – sues the City of Costa Mesa claiming that the City engages in a pattern or practice of discrimination against them on the basis of disability in violation of the Fair Housing Act, Americans with Disabilities Act, the Civil Rights Act of 1871 and related state laws.  Plaintiff alleges that the City unlawfully interferes with their operation and occupancy of dwellings for disabled persons in recovery and otherwise makes unavailable or denies housing because of disability.

## II.  JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 3613, 42 U.S.C. § 1983, and 42 U.S.C. § 12133.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's additional claims under state law because Plaintiff's state law claims relate to Plaintiff's federal law claims, arise out of a common nucleus of operative facts, and form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper because plaintiff's claims arise from unlawful conduct occurring in Orange County, California, and because the properties that are the subject of this action are located in Orange County, California.

## III.  PARTIES

4.      Plaintiff Ohio House is a California limited liability company.  It leases several dwellings in Costa Mesa for persons in recovery.  Each is a "dwelling" under the Fair Housing Act (FHA), 42 U.S.C. § 3602(b), and a "housing accommodation" under Fair Employment and Housing Act (FEHA), Government Code § 12927(d).

5.  Defendant City of Costa Mesa is a general law city, established and organized under the laws of the State of California.  It is a public entity under the Americans with Disabilities Act, 42 U.S.C. § 12131, a program or activity

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

**COMPLAINT**

receiving federal financial assistance under the Rehabilitation Act, 29 U.S.C. § 794(a), and a person under 42 U.S.C. §§ 1983, 1985(3), 1986 and 3602(d). The City is responsible for the acts of its agents and employees, including enactment and enforcement of its zoning code.

## IV.  FACTUAL ALLEGATIONS

### A.  City of Costa Mesa

6.     The City of Costa Mesa, home of the Orange County Fairgrounds and South Coast Plaza, is located 40 miles south of Los Angeles and borders Santa Ana, Newport Beach, Huntington Beach, Fountain Valley and Irvine. Since its incorporation in 1953, Costa Mesa has grown rapidly from a small, semi-rural farming community of 16,840 to a suburban community of 112,000.  Of its 42,120 dwelling units, just under 10% are occupied by persons with disabilities and more than 60% are rental units.

7.     Defendant City of Costa Mesa is established as a general law city; its policy-making authority is vested in the city council and other city officers or employees as provided by local law.  Govt. Code § 36501.  It is organized as a city manager form of municipal government.  Govt. Code §§ 34851-34859; CMMC 2-97.

8.     The city municipal code confers broad powers and duties on the city manager, CMMC 2-97, who is responsible for the City's compliance with state law and the enforcement of local laws, CMMC 2-114, empowered to direct and control city officers and employees, CMMC 2-115, including the dismissal of those officers and employees, except for the city attorney or treasurer, CMMC 2-116. Under the municipal code, the city manager may delegate his powers and responsibilities to other employees or officers.  CMMC 1-9.  Pursuant to these local laws, Costa Mesa's city manager, commonly known as the City's chief executive officer, has delegated his powers and duties to enforce the City's official policy and ordinances regarding group homes, including sober living homes, to the Assistant

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 2 -

**COMPLAINT**

1    Chief Executive and the Assistant Development Services Director among others.

2        9.    Pursuant to 42 U.S.C. § 5304(b)(2), the City – as a recipient of federal

3    community development funds – certifies to the Secretary of the United States

4    Department of Housing and Urban Development that it "will affirmatively further

5    fair housing."  Pursuant to California Government Code § 11135, the City – as a

6    recipient of state funds – certifies that it will provide "full and equal access to the

7    benefits" of its programs or activities.

8        **B.    The City's Zoning Powers and Regulations**

9        10.    The Zoning Code of the City of Costa Mesa, Title 13 of the Costa

10   Mesa Municipal Code (CMMC), classifies and regulates land uses and structures

11   within the City.  The Zoning Code establishes geographic districts including

12   residential, commercial, business and industrial districts and prescribes land uses

13   and structures that may lawfully locate within each district. CMMC §§ 13-20, 13-

14   30.

15           **1.    The City's Residential Districts**

16       11.    For dwellings, the Zoning Code establishes several types of residential

17   districts, including single-family (R-1), and multiple-family (R2-MD), high density

18   (R2-HD), and its highest density (R-3).  CMMC §§ 13-20

19       12.    In every residential district, the Zoning Code regulates the nature of

20   dwellings and the size of dwelling lots.  For example, within Single-Family

21   Residential Districts (R-1), one detached, single-family dwelling may be built on

22   one lot, with a minimum lot size of 6,000 square feet, and a maximum density of

23   7.26 dwelling units per gross acre. CMMC § 13-20(a). Within Multifamily

24   Residential Districts (R-3), one apartment building may be built on one lot, with a

25   minimum lot size of 12,000 square feet, and a maximum density of 20 dwelling

26   units per gross acre. CMMC § 13-20(d).

27       13.    In every residential district, the City regulates the number of persons

28   who may occupy any dwelling based on the dwelling's size and configuration.  As

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 3 -
**COMPLAINT**

required by California Health & Safety Code § 17922(a)(1), the City enacted and enforces the Uniform Housing Code (UHC). Section 503(b) of that code permits occupancy of a dwelling by two persons in each habitable room with a minimum of 120 square feet of floor area, requiring an additional 50 square feet for each occupant in excess of two. The UHC's occupancy limitation applies to every dwelling located in Costa Mesa regardless of zoning district. It establishes a citywide, uniform standard that applies to single family dwelling as well as apartment units.

14.     In every residential district, the City also regulates the behavior of residents. It imposes a citywide, uniform set of restrictions and prohibitions governing the conduct and activities of any person located within any residential district in Costa Mesa. The City regulates noise (CMMC § 13-280), public drinking (CMMC § 20-4[g]), parking and storage of vehicles (CMMC § 20-6[c]), parking inoperable vehicles in driveways (CMMC § 20-4[k]), storage of construction materials (CMMC § 20-4[o]), rubbish in driveways (CMMC § 20-3[e]), weeds (CMMC § 20-3[d]), dead grass (20-13[f]), chipped paint (CMMC § 20-7[e]), keeping a messy yard (CMMC § 20-12[aa]), big walls and small fences (CMMC § 20-7[k]), barking and stray dogs (CMMC §§ 3-8, 3-9), noisy cats (CMMC § 3-16), keeping livestock, including bees (CMMC §§ 3-13, 3-18), "harboring" more than five pets of any kinds in a dwelling (CMMC § 3-14), or slaughtering any of them, except for rabbits and birds (CMMC § 3-170), riding an "unlicensed" bicycle (CMMC § 4-3), having a dirty or torn canopy (CMMC § 20-9), or a bulging fireplace (CMMC § 20-12[b]), or even a barbeque on a rooftop (CMMC § 20-12[p]).

15.     The City exercises plenary power to abate every conceivable type of nuisance and zoning code violation that arises in its residential districts. It authorizes a wide variety of officials to issue notices of violation or citations for every possible impingement on municipal tranquility. The remedies at the disposal

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 4 -
COMPLAINT

1   of the City range from administrative procedures to criminal penalties, including

2   punishment by fine or imprisonment CMMC § 1-33.

3           **2.  The City's Zoning Classification Based on Household's**

4                **Disability Status**

5        16.    To implement its discriminatory policy, the Zoning Code sorts each

6   household located in an R-1 district into one of three classifications.

7        17.    If the household is comprised of nondisabled persons, then it may be

8   classified as a single housekeeping unit.  CMMC § 13-6.  As a single housekeeping

9   unit, a household is free to occupy a dwelling located in any R-1 district

10  unmolested by the City.  CMMC § 13-30.  But if the household is comprised of

11  disabled persons, then the City imposes limitations, restrictions, and requirements

12  on that household.

13       18.    The Zoning Code divides households comprised of disabled persons

14  into two groups.  If the disabled household is state-licensed, then it is classified as a

15  Resident Care Facility (RCF).  CMMC § 13-6.  Once classified as an RCF, the City

16  subjects the RCF household to a discriminatory occupancy limitation capping the

17  number of disabled persons who may occupy a dwelling –  regardless of dwelling

18  size or configuration – at a number far less than permitted in any other dwelling

19  (occupied by nondisabled persons) under the Uniform Housing Code. CMMC § 13-

20  30.

21       19.    If the disabled household is unlicensed, then it is classified as a Group

22  Home. CMMC § 13-6.  Once deemed a Group Home, the City subjects the Group

23  Home household to a discriminatory occupancy limitation capping the number of

24  disabled persons who may occupy a dwelling –  regardless of dwelling size or

25  configuration – at a number far less than permitted in any other dwelling (occupied

26  by nondisabled persons) under the Uniform Housing Code. CMMC § 13-30.  The

27  City also imposes burdensome permitting requirements on Group Home households

28  and discriminatory abatement procedures.  CMMC §§ 13-311, 13-312.

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 5 -
**COMPLAINT**

The Zoning Code subdivides Group Home households into two groups – households comprised of disabled persons in general and households comprised of disabled persons in recovery.  If a disabled household is classified as a Sober Living Home, CMMC § 13-6, then it is subject to the discriminatory limitation imposed on RCF and Group Homes and much more.  CMMC §§ 13-30, 13-311, 13-312.  The City also imposes additional, draconian permitting requirements on Sober Living Homes and enforces a separation requirement limiting the number of Sober Living Homes that may exist within an R-1 district.

### 3.  The City's Single-Family Dwelling (R-1) District

20.     Among its residential districts, the City's R-1 districts are the most exclusive and privileged neighborhoods.  To protect those neighborhoods from infiltration by undesirable persons, the Zoning Code excludes or limits certain households based on the disability of persons living in those households.

### 4.  The City's High Density and Medium Density R2 Districts

21.     The City is also home to many less exclusive R2 Districts, multi-family dwellings.  Under the City's Zoning Code, Table 13-30, R2 Districts may contain Common Interest Developments, Small Boarding houses, Residential care facilities (6 or fewer), Residential service facilities (6 or fewer), as well as single family dwellings.

22.     Additionally, residents may apply for conditional use permits (CUP), in order to operate Mobile Home Parks, Boardinghouses (large), Residential care facilities (7 or more persons – not State licensed), and Referral facilities (Subject to the requirements of Section 13-32.2 Referral facility), in R2 Districts.

### 5.  Group Homes in the R2-MD, R2-HD and R3 Residential Zones

23.     The Zoning Code treats Group Homes in the R2-MD, R2-HD, and R3 Residential Zones, similarly to those in R-1 districts, however the Zoning Code also requires the application of a conditional use permits in R2-MD, R2-HD, and R3 Residential Zones for the operation of a "group home, state-licensed residential

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

**COMPLAINT**

care facility or state-licensed drug and alcohol treatment facility with seven (7) or more occupants, subject to certain conditions as outlined in CMMC § 13-323. Conditional use permits run with the land, and if granted would allow a group home to operate perpetuity on the parcel of land it was granted.

24.     CMMC § 13-323(b), one of the additional conditions placed on applicants for CUPs for group homes with more than seven individuals, states: (b)  The group home, residential care facility or state-licensed drug and alcohol treatment facility is at least six-hundred fifty (650) feet from any property, as defined in section 13-321, that contains a group home, sober living home or state-licensed drug and alcohol treatment facility, as measured from the property line, unless the reviewing authority determines that such location will not result in an over-concentration of similar uses

**C.     The Official Policy of the City of Costa Mesa**

25.     It is the official policy of the City of Costa Mesa to eradicate households comprised of disabled persons in recovery from the City's R-1 and R-2 districts.  This official policy aims to evict disabled persons in recovery from dwellings located in R-1 and R-2 districts and to prohibit the infiltration of new disabled persons in recovery into those districts.  The objective of this official policy is the displacement or disruption of the housing available to these disabled persons.

26.     The City's official policy of discrimination is embodied in the legislative enactments of the Costa Mesa City Council, including Ordinances 13-04, 14-13, 15-06, and 15-11, the City Council's establishment and direction to the Neighborhood Improvement Task Force, the City Council's appropriation and funding for a City program established to target and harass dwellings occupied by persons in recovery, and the City Council's instruction to City employees, officers and officials to commit discriminatory acts in conformity with the City's official policy of discrimination against persons in recovery.

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 7 -

**COMPLAINT**

27.     It is the deliberate practice and custom of the City to engage in discrimination against persons in recovery.  This practice and custom are directed, encouraged, condoned and ratified by the City Council.  The City Council charged the City Manager with the authority and responsibility for execution of this official policy.  Pursuant to the City's official policy of discrimination, the City converted the Neighborhood Improvement Task Force into a governmental body whose principal purpose is identifying and targeting disabled households for harassment by City employees and officers.  The City Manager and City Council devised the strategy to overhaul the City's nuisance ordinance for the express purpose of targeting households occupied by disabled persons in recovery with stiff fines and criminal penalties.

28.     As a group, the City's policy-makers – the City Council, City Manager, and employees acting under their direction –  conspired for the purpose of depriving, either directly or indirectly, a class of person, identified as disabled persons in recovery, of the equal protection of the laws, as further described below. Each had knowledge of the wrongs conspired to be done and had the power to aid in the prevention of those wrongs but neglected or refused to act.

29.     Each discriminatory or unconstitutional practice or action alleged in this complaint was committed pursuant to and in conformity with the City's official policy of discrimination against persons in recovery.

**D.  The Road from Integration to Segregation**, 2009-2013

30.     For decades, households of persons in recovery existed in peace throughout Costa Mesa.  But local events in late 2009 eroded that tranquility as the group home controversy in neighboring Newport Beach grew more heated. Watching Newport Beach drive persons in recovery from its neighborhoods inspired a small but vocal group of Costa Mesa residents to agitate for adoption of the same discriminatory policy in their city.  Their protest grew more insistent in the wake of the federal district court's rulings in *Pacific Shores v. City of Newport*

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 8 -

**COMPLAINT**

*Beach*, upholding Newport Beach's group home ordinance. That ruling unleashed the forces underlying Costa Mesa's conduct in this case. Relying on the district court's ruling, Newport Beach closed its borders to any new group homes and evicted more than half of the existing sober living homes. Costa Mesa residents feared that Newport Beach steered persons in recovery into their city. Whether right or wrong, opinion grew in Costa Mesa that Newport Beach's win was Costa Mesa's loss.

31.     The City escalated its campaign against persons in recovery pursuant to its official policy of discrimination by enacting a second ordinance targeting sober homes in the R-2 residential district. In furthering its campaign of discrimination, the City Council enacted Ordinance 15-11. This ordinance imposes a 650-separation requirement that applies only to group homes. The 650 feet requirement is measured by the property line of any dwelling providing housing to recovering substance abusers, regardless of whether it is licensed; regardless of the number of residents; state licensed facilities for six and under, even though such facilities are required by state law to be treated as single family uses; and licensed substance abuse facilities for seven (7) or more persons.

32.     The result is the displacement of a protected class of persons under various federal and state civil rights acts.

33.     Ordinance No. 15-11 does not give any benefit to group homes or sober homes that were lawfully in existence prior to its enactment. Ordinance No. 15-11 specifically prohibits group homes and sober living homes from seeking status as a legal non-conforming use, even though housing and uses for non-disabled applicants are able to do so.

34.     Ordinance No. 14-13 redefined the definition of single housekeeping unit. The Ordinance specifically excluded group homes and sober living homes from being included in the definition of single housekeeping unit, or even seeking recognition as a single housekeeping unit.

**COMPLAINT**

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

35. Ordinance 15-11 also prohibits group homes in existence prior to its enactment from being "grandfathered" as a legal non-conforming use, even though non-group homes are not excluded.

36. In enforcing the requirements of Ordinance 15-11, the City enforces state-defined occupancy requirements differently to dwelling occupied by unrelated persons than it does dwelling occupied by unrelated persons in recovery from alcoholism and substance abuse.

37. Ordinance 15-11 requires applicants to apply for a conditional use permit. Under California law a CUP runs with the land. Members of both the Planning Commission and City Council have stated that regardless of how good a sober housing provider, they cannot approve a CUP because of concerns that a "bad' operator could use the property.

38. Plaintiff, Ohio House owns and operates group homes in Costa Mesa for women in recovery from alcoholism and substance abuse.

39. Upon enactment of Ordinance 15-11, Ohio House, seeking to comply with the City's new regulations, applied for a Conditional Use Permit, and requested a reasonable accommodation from the City's new zoning requirements.

40. The homes located at 115 E. Wilson, A through E, (the "Wilson Property") are each non-descript buildings, located on a single parcel of land.

41. The residents of the Wilson Property share meals, chores, and living space, living like any other household occupying a house in one of Costa Mesa's R-1 or R-2 neighborhoods.

42. At the time the City began enforcing Ordinance 15-11 against Ohio House, Ohio House had been operating with little incident.

43. The residents live and work in the community, volunteer to help clean the City, attend school, pay taxes, and in all other respects integrate into normal day to day life in the City of Costa Mesa.

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

**COMPLAINT**

44.     Pursuant to the City's sudden retroactive enforcement of Ordinance 15-11 against Ohio House Wilson Street Property, Ohio House requested a reasonable accommodation from Ordinance 15-11.

45.     The City is only enforcing 15-11 against providers of housing for persons in recovery from alcoholism and substance abuse.

46.     The City's Director of Economic Development Services denied Plaintiff's Reasonable Accommodation Request, applying the incorrect legal standard, denied Ohio House's accommodation request.

47.     In supporting its denial of Ohio House's CUP application, and RA request, the City reasoned:

> "The application established that the waiver of the 650 foot separation requirement may allow a CUP to be granted to enable Ohio House, LLC, to continue to operate in compliance with the Costa Mesa Municipal Code at its current location.  In theory, this action would allow one or more individuals who are recovering from drug and alcohol abuse to enjoy the use of _this_ dwelling.  However, approval of the request is not necessary to allow one or more individuals who are recovering from drug and alcohol abuse to enjoy the use of _a_ dwelling within the City.

48.     The correct legal standard, as articulated in the March 2018 Seventh Circuit Opinion, in _Valencia v. City of Springfield,_ 883 F.3d 959, is whether or not zoning ordinance "denies disabled persons an opportunity to live in the community of _their choice_."

49.     Ohio House timely appealed the City Director's decision to deny its reasonable accommodation.

50.     Ohio House also applied to the City for a condition use permit (CUP) via Planning Application 17-10 ("PA 17-10"), requesting a permit to operate a sober living facility housing up to 45 residents across the five units, with seven adults and two resident managers in each unit.

**COMPLAINT**

51.     The Zoning Director recommended a denial of this PA 17-10, based on an application of the stringent requirements of Ordinance 15-11, and the subsequent changes to the CMMC.

52.     Ohio House appealed the Zoning Director's denials to the Planning Commission.

53.     The City published its "Planning Commission Agenda Report" regarding PA 17-10, and .recommended that the City deny Ohio House's appeal of the Director's denial of its reasonable accommodation request to allow the Wilson Property be operated as it had been prior to the enactment of Ordinance 15-11, and to waive the retroactive application of Ordinance 15-11.

54.     Specifically, the Agenda Report stated that the "applicant had failed to demonstrate that all of the required findings can be made."

55.     As to the CUP, the Agenda Report recommended the denial of PA 17-10.

56.     The Planning Commission conducted a noticed public hearing, and determined by a 5-0 vote to deny Ohio House's applications for the CUP.

57.     Ohio House appealed the decision of the Planning Commission to the City Council.

58.     On August 6, 2019, the City Council held a public hearing regarding Ohio House's appeal of the City's denial of its CUP applications.

59.     Under the guise of "zoning hearing," the City Council voted 5-0, denying Ohio House's appeal of the City Director's denial of Ohio House's reasonable accommodation request, and denying conditional use permits for the Wilson Property.  Ohio House was told that it had to shut down the sober living homes by September 8, 2019.

60.     Resolution stated:

A RESOLTUION OF THE CITY COUNCIL OF THE CITY OF COSTA MESA UPHOLDING THE DIRECTOR'S DENIAL OF A REASONABLE

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 12 -
**COMPLAINT**

1   ACCOMODATION REQUEST TO ALLOW THE OPERATION OF A GROUP
2   HOME RESIDENTIAL CARE FACILITY OR STATE LICENSED DRUG AND
3   ALCOHOL TREATMENT FACILITY AT 175 E. WILSON STREET; AND
4   DENYING CONDITIONAL USE PERMIT 17-10.

5   **The objective, result and effect of the City's policy, including its group home**
6   **ordinances, do not benefit disabled persons.**

7   61.    It is the acknowledged objective of the City's official policy of
8   discrimination against persons in recovery to achieve the "displacement or
9   disruption of the housing available to the handicapped."   An official policy with
10  that objective does not benefit disabled persons.

11  62.    The City's official policy of discrimination against persons in recovery
12  actually or predictably results in the eradication of sober living homes in the City's
13  R-1 and R-2 districts.   An official policy with the result does not benefit disabled
14  persons.

15  63.    By evicting disabled persons from their homes, the City renders them
16  homeless and displaced, forcing them to search for alternative housing in a market
17  that already underserves persons in recovery.   An official policy with that effect
18  does not benefit disabled persons.

19  **The City's Discriminatory Housing Practices**

20  64.    The City, acting alone and in concert with others, directly and through
21  agents, officials, and employees, pursues a policy or practice of discrimination on
22  the basis of disability and other unlawful conduct.  The City's policy or practice
23  includes, but is not limited to, the commission of the following unlawful acts:

24  a.     Denying or otherwise making unavailable housing to disabled persons,
25         including those for whom plaintiff provides or seeks to provide housing,
26         because of disability;

27  b.     Discriminating in the terms, conditions, or privileges of sale or rental
28         of housing by disabled persons, including those for whom plaintiff provides

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 13 -
**COMPLAINT**

or seeks to provide housing, or in the provision of services or facilities in connection with housing, because of disability;

c.      Making, printing or publishing, or causing to be made, printed or published a statement in connection with the sale or rental of housing that indicates a limitation, preference or discrimination on the basis of disability;

d.      Restricting or attempting to restrict housing choice of disabled persons, including those for whom plaintiff provides or seeks to provide housing, because of disability;

e.      Perpetuating or tending to perpetuate segregated housing patterns based on disability;

f.      Discouraging the rental or purchase of housing because of disability;

g.      Communicating to persons that they would not be comfortable or compatible with existing residents of a community because of disability;

h.      Enforcing land use restrictions that preclude or restrict the sale or rental of housing because of disability;

i.      Threatening, intimidating and interfering with plaintiff and disabled persons, including those for whom plaintiff provides or seeks to provide housing, in their enjoyment of a dwelling because of disability;

j.      Coercing plaintiff to deny or limit dwellings to disabled persons because of disability;

k.      Assigning disabled persons, including those for whom plaintiff provides or seeks to provide housing, to certain neighborhoods because of disability;

l.      Providing different municipal services to disabled persons, including those for whom plaintiff provides or seeks to provide housing, because of disability;

m.      Evicting or threatening to evict disabled persons, including those for whom plaintiff provides or seeks to provide housing, because of disability;

**COMPLAINT**

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

n.      Failing to make reasonable accommodations in rules, policies and practices that may be necessary to afford disabled persons, including those for whom plaintiff provides or seeks to provide housing, an equal opportunity to use and enjoy a dwelling;

o.      Failing to affirmatively further fair housing in the administration and application of its zoning, building and life safety codes;

p.      Denying or limiting disabled persons, including those for whom plaintiff provides or seeks to provide housing, the opportunity to participate in or benefit from the supportive housing offered by group homes, including plaintiff's dwellings;

q.      Using land use ordinances and methods of administering those ordinances for the purposes or with the effect of subjecting disabled persons, including those for whom plaintiff provides or seeks to provide housing, to discrimination on the basis of disability;

r.      Denying disabled persons, including those for whom plaintiff provides or seeks to provide housing, an opportunity to participate in a program in the most integrated setting appropriate to their needs;

s.      Denying disabled persons, including those for whom plaintiff provides or seeks to provide housing, an equal opportunity to participate in or benefit from services and programs equal to those of people without disabilities;

t.      Utilizing licensing and permit requirements to provide municipal services that are not equal as applied to disabled and nondisabled persons;

u.      Utilizing unequal requirements for benefits or services in order to deny disabled persons, including those for whom plaintiff provides or seeks to provide housing, enjoyment and access to those benefits or services as enjoyed by others;

v.      Aiding, abetting, inciting, compelling or coercing the doing of acts or practices in violation of federal and state fair housing laws;

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 15 -
**COMPLAINT**

w.    Discriminating through public land use practices, decisions, and authorizations because of disability, including the use of zoning laws that make housing opportunities unavailable;

x.    Retaliating against plaintiff because of their exercise of their fair housing rights;

y.    Conspiring with others to violate the federal rights of disabled persons;

z.    Refusing or failing to prevent persons from violating the federal rights of disabled persons;

aa.   Failing to affirmatively further fair housing;

bb.   Classifying housing for disabled persons for the purpose or with the effect of excluding them from certain neighborhood;

cc.   Infringing on the privacy rights of disabled persons; and,

dd.   Depriving disabled persons of the safety and security of their home from governmental intrusion.

65.    The City injured plaintiff by committing each of these unlawful housing practices and discriminatory acts.  Accordingly, each plaintiff is an aggrieved person within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(i), the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(3), 1986, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and related state laws.

## N.  Injuries

66.    By reason of the City's unlawful acts and practices, plaintiff, and each of them, have suffered violation of their federal statutory and constitutional rights, loss of the value, use and enjoyment of their property, loss of current and future income, and frustration of their mission and diversion of their limited resources, among other injuries.  The disabled persons housed by plaintiff have suffered a violation of their federal and state civil rights and rights to privacy, which has injured plaintiff.  Accordingly, each plaintiff is entitled to compensatory damages.

67.    There now exists an actual controversy between the parties regarding

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 16 -
**COMPLAINT**

1  the City's duties under federal and state civil rights laws.  Accordingly, each

2  plaintiff is entitled to declaratory relief under their federal and state law claims

3  including, but not limited to, 42 U.S.C. § 3613(c)(1), 42 U.S.C. § 1983, 42 U.S.C. §

4  12133, California Government Code § 12989.2, and the California Constitution, as

5  well as Rule 57 of the Federal Rules of Civil Procedure.

6       68.    Unless enjoined, the City will continue to engage in the unlawful acts

7  and the pattern or practice of discrimination described above.  Plaintiff have no

8  adequate remedy at law.  Plaintiff are now suffering and will continue to suffer

9  irreparable injury from the City's acts and the pattern or practice of discrimination

10  unless relief is provided by this Court.  Accordingly, each plaintiff is entitled to

11  injunctive relief under their federal and state law claims including, but not limited

12  to, 42 U.S.C. § 3613(c)(1), 42 U.S.C. § 1983, and 42 U.S.C. § 12133, California

13  Government Code § 12989.2, and the California Constitution, as well as Rule 65 of

14  the Federal Rules of Civil Procedure.

## V.  CLAIMS FOR RELIEF

### A.  First Claim

### [Federal Fair Housing Act]

18       69.    Plaintiff reallege and incorporate herein by reference each preceding

19  paragraph.

20       70.    Defendant City of Costa Mesa injured plaintiff by committing

21  discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. §§

22  3601 *et seq.*

### B.  Second Claim

### [Americans with Disabilities Act]

25       71.    Plaintiff realleges and incorporates herein by reference each preceding

26  paragraph.

27       72.    Defendant City of Costa Mesa injured Plaintiff by committing

28  unlawful practices in violation of Americans with Disabilities Act, 42 U.S.C. §§

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 17 -
**COMPLAINT**

12131 *et seq.*

**C.  Third Claim**

**[Rehabilitation Act]**

73.      Plaintiff realleges and incorporates herein by reference each preceding paragraph.

74.      Defendant City of Costa Mesa injured Plaintiff by committing unlawful practices in violation of Rehabilitation Act, 42 U.S.C. § 29 U.S.C. §794.

**D.  Fourth Claim**

**[Civil Rights Act of 1871]**

75.      Plaintiff realleges and incorporates by reference each of the preceding paragraphs of the complaint herein.

76.      Defendant City of Costa Mesa injured Plaintiff by conspiring to deprive, failing to stop the deprivation, or depriving them of equal protection of the laws and due process of law, including freedom of association, freedom from unlawful search and seizure, freedom from selective and discriminatory prosecution, and freedom from intrusion into their dwellings, as guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(3) and 1986.

**E.  Fifth Claim**

**[California Fair Employment and Housing Act]**

77.      Plaintiff realleges and incorporates herein by reference each preceding paragraph.

78.      Defendant City of Costa Mesa injured Plaintiff by committing unlawful housing practices in violation of the California Fair Employment and Housing Act, Government Code §§ 12926, 12927, and 12955 *et seq.*

**F.  Sixth Claim**

**[State Zoning Powers]**

79.      Plaintiff realleges and incorporates herein by reference each preceding

**COMPLAINT**

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

paragraph.

80.    Defendant City of Costa Mesa injured Ohio House by discriminating in the use of the City's zoning powers, including its enactment of Ordinances 15-06, in violation of California Government Code §§ 11135 and 65008.

## VI.  PRAYER FOR RELIEF

Accordingly, Plaintiff pray that the Court awards them the following relief:

1.    Declares that the City acted unlawfully under the Fair Housing Act, the Americans with Disabilities Act, Rehabilitation Act, and other federal and state laws as alleged herein;

2.    Declares that the City's enactment, administration, application, and enforcement of its zoning regulations violate the rights of plaintiff and their residents under the Fair Housing Act, the Americans with Disabilities Act, Fourteenth Amendment, and other federal and state laws alleged herein;

3.    Enters a temporary restraining order, preliminary and permanent injunctions enjoining the City, its officers, employees, agents, attorneys and successors, and all persons in active concert or participating with any one of them from enforcing unlawful or discriminatory zoning regulations, and from taking actions that either directly or indirectly interfere in any way with plaintiff's abilities to provide housing to groups of unrelated, disabled persons who are in recovery;

4.    Enters a temporary restraining order, preliminary and permanent injunctions enjoining the City from harassing any plaintiff, including the institution of any abatement or enforcement proceedings against plaintiff;

5.    Enters a temporary restraining order, preliminary and permanent injunction enjoining the City, its officers, employees, agents, attorneys and successors, and all persons in active concert or participating with any of them from interfering with the operation of any dwelling owned or operated by plaintiff as a dwelling for persons in recovery, and interfering in any way with the right of plaintiff's residents to reside in those dwellings;

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 19 -
**COMPLAINT**

1    6.    Awards compensatory damages;

2    7.    Awards reasonable costs and attorneys' fees; and,

3    8.    Orders other such relief as the Court deems just and proper.

4              **VII.   JURY DEMAND**

5    Plaintiff demands trial by jury.

6                   *   *   *

7    Dated: September 6, 2019              ZFATY | BURNS

8

9                        */s/ Garrett M. Prybylo*
10                       ISAAC R. ZFATY
                         GARRETT M. PRYBYLO
11                       Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZFATY | BURNS
660 NEWPORT CENTER DRIVE
SUITE 470
NEWPORT BEACH
CALIFORNIA, 92660
(949) 398-8080

- 20 -
**COMPLAINT**