**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
    severett@everettdorey.com
Samantha E. Dorey, SBN 281006
    sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
    clee@everettdorey.com
18300 Von Karman Avenue, Suite 900
Irvine, California 92612
Phone: 949-771-9233
Fax: 949-377-3110

**JONES & MAYER**
Kimberly Hall Barlow, Esq., SBN 149902
    khb@jones-mayer.com
Bruce A Lindsay, Esq., SBN 102794
    bal@jones-mayer.com
Monica Choi Arredondo, Esq. SBN 215847
    mca@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendant
CITY OF COSTA MESA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| THE OHIO HOUSE LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY OF COSTA MESA,<br><br>          Defendant. | **Case No. 8:19-cv-01710 JVS (PJWx)**<br>Hon. James V. Selna<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:    September 28, 2020<br>Time:    10:00 a.m. |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), Local Rule 26, and the Order Setting Rule 26(f) Scheduling Conference, Plaintiff The Ohio House LLC ("Plaintiff") and Defendant City of Costa Mesa (the "City") (collectively, the "Parties") submit the following Joint Rule 26(f) Report (this "Joint Report").

4834-0902-2924.1

-1-     8:19-cv-01710 JVS (PJWx)
JOINT RULE 26(f) REPORT

a. **Synopsis:**

<u>Plaintiff</u>: Plaintiff Ohio House has operated the Wilson Street group home in one of defendant City of Costa Mesa's multifamily zoning district since 2012. Starting in 2013, the City enacted a series of zoning ordinances for the purpose and with the effect of excluding and removing group homes for disabled persons from the City's residential districts. In 2015, the City enacted Ordinance 15-11 and 15-13 imposing conditions for the continued operation of existing group homes in Costa Mesa's multifamily zoning districts. (The City subsequently amended those ordinances in 2017 and 2018 and proposed further amendments in 2020 in response to this Court's denial of the City's last motion to dismiss [ECF 42].) The City enforced Ordinances 15-11 and 15-13 against Ohio House, which applied for a conditional use permit pursuant to those ordinances and also requested a reasonable accommodation to be excused from the 650-foot separation requirement. The City denied the CUP and refused the reasonable accommodation, decisions it affirmed on appeals to the City Council. Once those appeals were exhausted, the City cited and fined Ohio House in 2019 for "operation of a sober living/group home facility without City approval." In 2020, the City sued Ohio House in superior court case 30-2020-01146835-CU-OR-CJC claiming that Ohio House is a public nuisance because "defendants [Ohio House] are continuing to operate a sober living home in violation of plaintiff's [City's] zoning codes." Ohio Housed sued the City in this action in 2019 claiming that the City injured Ohio House by engaging in a pattern or practice of discrimination in violation of the Fair Housing Act (FHA), Fair Employment and Housing Act (FEHA), and State Planning and Zoning Law (Section 65008).

<u>The City</u>: This lawsuit is the seventh bite at the apple by the same Plaintiffs' counsel to challenge the City's zoning ordinances 14-13, 15-11, 15-13, 17-05, and 17-06 (the "Ordinances"), which regulate boardinghouses in the City, with special, beneficial exemptions for boardinghouses that qualify as group homes for persons

with disabilities. The City's Ordinances create reasonable and generally-applicable zoning requirements for the legitimate, nondiscriminatory interests of the City for its residential districts, while adhering to anti-discrimination laws and actually benefitting individuals with disabilities by providing them a more than equal opportunity to reside in the City.

All of Plaintiffs' Claims fail as a matter of law and they lack any evidentiary support. Plaintiff lacks standing to make its Claims, its Government Code § 65008 Claim is barred by the statute of limitations, Plaintiff failed to mitigate any damages, if any, Plaintiff failed to exhaust its administrative remedies, Plaintiff's FEHA Claim is barred by the failure to submit a claim under the Governmental Claims Act, and Plaintiff is barred from making Claims due to its unclean hands.

**b.    Legal Issues:**

Plaintiff:

- Whether the City injured Ohio House by implementing, administering or enforcing its zoning regulations in a discriminatory manner in violation of Section 65008;
- Whether the City injured Ohio House in violation of the FHA, FEHA, or Section 65008 under a disparate treatment theory based on circumstantial evidence;
- Whether the City injured Ohio House in violation of the FHA, FEHA, or Section 65008 under a disparate treatment theory based on direct evidence, including the City's facially discriminatory regulations, procedures, criteria and practices or statements of discriminatory purpose;
- Whether the City injured Ohio House in violation of the FHA, FEHA, or Section 65008 under a disparate impact theory, including segregative effect;
- Whether the City injured Ohio House in violation of the FHA or FEHA

under a discriminatory statement theory;

- Whether the City injured Ohio House in violation of the FHA or FEHA under a reasonable accommodation theory;

- Whether the City injured Ohio House in violation of the FHA or FEHA under a pattern or practice of discrimination theory;

- Whether the City's alleged affirmative defenses are valid, supported, or actual defenses to Ohio House's claims;

- Whether the City may invoke any affirmative defense it agreed to dismiss without prejudice pursuant to LR 7-3;

- Whether the City may invoke fundamental alteration as a defense to Ohio House's reasonable accommodation claim having failed to plead that affirmative defense;

- Whether the City may invoke benefit or safety of disabled persons as a defense to Ohio House's disparate treatment (direct evidence) claims having failed to plead that affirmative defense;

- Whether the City may invoke advice of counsel as a defense to Ohio House's disparate treatment claims having failed to plead that affirmative defense;

- Whether the City may assert that its regulations advanced a nondiscriminatory purpose and invoke privileges to bar deposing or calling as witnesses at trial City officials who enacted regulations or applied them;

- Whether Ohio House is entitled to damages as a result of the City's violations of the FHA and FEHA;

- Whether Ohio House is entitled to equitable relief declaring and enjoining the City's application and enforcement of unlawful zoning regulations and practices against Ohio House pursuant to the FHA, 42 U.S.C. § 3615, and FEHA, Govt. § 12955.6, and enjoining enforcement

of those regulations against Ohio House pursuant to FHA, 42 U.S.C. § 3615, FEHA, Govt. § 12955.6, and Section 65008; and,

- Whether Ohio House is entitled to equitable relief declaring as unlawful the City's zoning ordinances regulating group homes, including Ohio House, pursuant to the FHA, 42 U.S.C. § 3615, and FEHA, Govt. § 12955.6, and enjoining enforcement of those ordinances pursuant to FHA, 42 U.S.C. § 3615, FEHA, Govt. § 12955.6, and Section 65008.

The City: Whether Plaintiff can prove 1) disability qualification, 2) that the Ordinances and Municipal Code are facially discriminatory, 3) that Plaintiff was subject to disparate treatment, 4) that there has been a disparate impact from the Ordinances and Municipal Code, 5) that Plaintiff was entitled to an accommodation, or 6) that the City's legitimate governmental interests do not preclude the Claims. Also, whether the City can prove its Affirmative Defenses.

### c. **Damages:**

Plaintiff: Ohio House seek monetary relief in the form of compensatory damages as authorized under FHA, 42 U.S.C. § 3613(c) and FEHA, Govt. Code § 12 989.2. The amount of these damages will be determined by the jury. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 820 n. 6 (9th Cir. 2001). The method of calculating those damages consists of costs incurred by Ohio House in attempting to comply with the City's unlawful regulation and in counteracting and responding to the City's discriminatory misconduct, including fees for services, fines and fees paid to the City, and staff time diverted from the operation of Ohio House. *Pacific Shores Properties, LLC v. City of Newport Beach*, 730 F. 3d 1142, 1166-70 (9th Cir. 2013).

The City: The City denies that Plaintiff suffered any damages and further contends that Plaintiff's alleged damages, if any, are unsupported by evidence and not legally recoverable. The City is not at this time seeking damages in this case,

but will seek the recovery of its costs and expenses as allowed by law, and will seek the recovery of its attorney's fees pursuant to 42 U.S.C. §§ 1988, 3613(c)(2), and 12205, and/or California Government Code § 12989.2, as calculated using the "lodestar" method.

    **d.**    <u>**Insurance:**</u>

<u>Plaintiff</u>:  Not applicable.

<u>The City</u>:  The City is permissibly self-insured under California Government Code § 990 *et seq.*  The City's self-insured retainer is up to $2,000,000.  It has excess insurance coverage from $2,000,000 to $10,000,000.  It also has optional excess insurance available above $10,000,000.

    **e.**    <u>**Motions:**</u>

<u>Plaintiff</u>:  Ohio House does not anticipate moving to change venue.  It reserves the right to move to amended its complaint adding parties and claims based on the City's responses to Ohio House's first round of written discovery.

<u>The City</u>:  The City does not intend to move to add parties or claims or transfer venue.  The City may move to amend its Answer depending on the results of discovery obtained regarding the City's Affirmative Defenses.

    **f.**    <u>**Discovery and Experts:**</u>

The Parties agree to exchange Initial Disclosures under Rule 26(a) on or before September 4, 2020, within three weeks of their August 14, 2020, Rule 26(f) conference.[1]

---

[1] <u>Plaintiff</u>: Plaintiff Ohio House failed to meet this deadline because its attorneys' office closed between Tuesday, August 18 and Saturday, September 5, pursuant to an evacuation order issued by the San Mateo Sheriff's Department and CalFire due to the CZU Lighting Complex wildfire.  Ohio House served its initial disclosure on September 14, 2020.

<u>The City</u>: The City does not waive any argument that Plaintiff's Initial Disclosures were untimely in violation of the Federal Rules of Civil Procedure, warranting evidentiary exclusions regarding matters therein.

1  The Parties do not propose to conduct discovery in phases or otherwise limit
2  discovery. The City has served its first set of interrogatories and first request for the
3  production of documents.

4  The Parties agree to extend the limit on the number of interrogatories from 25
5  to 75, and extend the limit on the number of depositions from 10 to 20, excluding
6  expert depositions. The Parties may move this Court for further extensions.

7  The Parties agree that the expert discovery cut-off should coincide with the
8  fact discovery cut-off, that initial expert disclosures should be made by 120 days
9  prior to the discovery cut-off, and that rebuttal expert disclosures should be made by
10 60 days prior to the discovery cut-off.

11 The Parties agree that all documents will be produced in electronic form, as
12 bates-stamped PDF files and/or native files. ESI in MS Excel, QuickBooks, or other
13 similar programs will also be produced in native format such that they retain their
14 functionality, where feasible and not overly burdensome, costly, or oppressive. ESI
15 generated using a proprietary program, such as QuickBooks, PermitsPlus,
16 SmartSheets, will be converted to native MS files, such as Excel, so that the ESI
17 may be accessed by each side, however, if the conversion to native MS format will
18 result in loss of functionality (i.e. QuckBooks features such as running reports for
19 specific information will be lost) then the requesting party may request a native file
20 for such proprietary programs and such native file shall be produced.

21 The Parties agree that attorney-client communications after the filing of the
22 Complaint in this action, as well as communications amongst counsel, need not be
23 logged in a privilege log.

24 The subjects on which discovery may be needed include the factual and legal
25 bases of each of Plaintiff's allegations and Claims, as well as the legal issues
26 outlined herein, and of each of the City's allegations and Affirmative Defenses.

27 Other Orders:
28 The Parties: Either party may notice and conduct an oral deposition by

remote means without the need for a stipulation or leave of Court, as required under Fed. R. Civ. P. 30(b)(4), including through online video conferencing services (i.e., Zoom).

Plaintiff: Ohio House requests entry of the following orders governing discovery:

- That each party discloses the persons, identified by name and topics, who will appear as designees to testify in response to a Fed. R. Civ. P. 30(b)(6) notice as soon as practicable and no later than 72 hours before the deponent's appearance;
- That records produced by either party will be stamped with an alpha-numeric label, indicating the source or custodian (by person or department) of the record;
- That, to avoid the need for service of duplicative subpoenas on the same third-party, each party will promptly produce a complete copy of records obtained by subpoena to a third-party;
- That the Court instructs the parties to work cooperatively to comply with federal regulations governing the disclosure of records – or information therein – regarding the disability status of Ohio House's occupants. The need for this order calls for context. City seeks production of records regarding disability status of each person who occupied the subject property, the sober living home operated by Ohio House on Wilson Street. The occupants of this dwelling are "persons who are recovering from a drug and/or alcohol addiction and who are considered handicapped under state or federal law." CMMC 13-6. To test whether Ohio House's residents qualify as disabled under the first two or three prongs of FHA's definition of disability, 42 U.S.C. § 3602(h)(1) and (2), the City has demanded the production of records regarding each occupant's disability status, viz., "all documents related

to the existence of an impairment (or any record of any impairment) that substantially limits one or more major life activities." (City requests 2 and 3.)

Disclosure of these Substance Abuse Disorder (SUD) records – including records received from other persons or entities or information derived therefrom– is strictly regulated pursuant to 42 U.S.C. § 290dd. SUD records "may be disclosed or used only as permitted by the regulations in this part (42 C.F.R. Part 2) and may not otherwise be disclosed or used in any civil, criminal, administrative, or legislative proceedings conducted by any federal, state, or local authority." 42 C.F.R. § 2.13. Unauthorized disclosure is a crime. 42 C.F.R. § 2.3 ("Under 42 U.S.C. 290dd-2(f), any person who violates any provision of this section or any regulation issued pursuant to this section shall be fined in accordance with Title 18 of the U.S. Code.")  Generally, SUD records – whether generated by Ohio House or received from other sources – may be disclosed in either of two ways:  First, by written consent of the subject of the record (person in recovery), 42 C.F.R. § 2.31, or by a court order finding good cause. "To make this determination the court must find that: (1) Other ways of obtaining the information are not available or would not be effective; and (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." 42 C.F.R. § 2.64(d).

Ohio House flags this issue in this report because of this Court's prior dispositive orders that hinged on the plaintiff's failure to produce SUD records:

> Plaintiffs have produced no evidence that the individuals at issue have a physical or mental impairment that substantially limits

> one or more major life activities. . . . [Plaintiffs] must prove its clients have a substantial impairment to a major life activity, on a case-by-case basis.
>
> . . . .
>
> And in response to Costa Mesa's Requests for Production related to [Plaintiff's] clients' medical information, drug use, disability status, record of such, and being regarded as such, Plaintiffs' counsel objected, invoked privileges, HIPAA and privacy rights, and refused to produce any information. Id. . . . It was Plaintiffs' prerogative to invoke these privileges, but they may not use them as both a sword and a shield. *See e.g., SoCal v. City of Costa Mesa*, Case 8:18-cv-01304-JVS-PJW (ECF 97, pp. 8-9).

Ohio House aims to produce relevant records in this action. But the need, scope and nature of SUD records to be produced by Ohio House will require some management by the magistrate judge to ensure that the parties comply with § 290dd and its regulations. Accordingly, Ohio House requests that the parties be ordered to cooperate in the presentation of this issue to the magistrate judge.

The City:

The City objects to the fifth request by Plaintiff direct above that this Court "instruct the parties to work cooperatively to comply with federal regulations . . . ."

The City: Plaintiff's counsel has indicated that they intend to file numerous Motions for Partial Summary Judgment immediately and prior to discovery. The City requests, in accordance with FRCP 56(d), that this Court order a stay on any Motions for Summary Judgment or Partial Summary Judgment, to allow for discovery, for at least three months from the Scheduling Conference (September 28, 2020) or until January 4, 2021. **Plaintiff's position:** Defendant's assertion is misleading; in any event, this request is unfounded. Whether a Fed. R. Civ. P.

56(d) deferral is appropriate depends on the nature of the issues to be adjudicated under Fed. R. Civ. P. 56. That determination cannot be made until the motion is presented to the Court.

The City: Plaintiff's counsel has already deposed many of the City's employees and witnesses, some multiple times, in the previous similar cases Plaintiff's counsel brought, including Casa Capri, Pacific Shores, SoCal Recovery, Summit Coastal, and National Therapeutic. The City requests that this Court Order that to the extent that Plaintiff intends to depose the same witnesses, that the questioning not be duplicative or repetitive of what has already been asked.

**Plaintiff's position:** This request is unnecessary and invites discovery disputes. Fed. R. Civ. P. 30(d) affords the City robust protection to address any valid concern. Moreover, this request seeks a toe-hold for generating discovery disputes in already contentious litigation. Whether a question is duplicative or repetitive turns on the context of the question, exhibit under examination, and many other factors that cannot be prejudged in the abstract. Arguments amongst counsel on the records parsing whether a question is sufficiently unique or suspiciously duplicative is the unfortunate but likely result. For example, a question seeking to determine the basis, scope, and limits of prior testimony may be contested by the City as duplicative, even though the prior testimony was sufficiently ambiguous to enable the deponent to deviate from their prior answer. Applying Rule 30(d) to a transcript reflecting an actual examination of a deponent provides the proper remedy.

The City: Plaintiff's counsel has indicated that they seek to depose the City's Councilmembers, Commissioners, and others who are protected by the Legislative Privilege, Deliberative Process Privilege, and who are subject to the Apex Doctrine. The City requests that prior to any such depositions, Plaintiff should be required to make a sufficient showing to this Court of what non-privileged information is sought and a compelling need for why such non-privileged information cannot be obtained by alternative means. **Plaintiff's position:** This request is unnecessary

and premature.  It is unnecessary since the City can seek to limit or preclude any deposition pursuant to Fed. R. Civ. P. 26(c) on the enumerated or other good grounds.  And it is premature on two counts.  For Ohio House, the need to depose any city official turns on the City's clarification of the specific defenses and basis therefor that the City intends to present at trial or by motion.  For the City, the decision whether to call an appointed or elected official is hardly set in concrete.  And if the City designates one such official, it may not invoke the enumerated privileges as to others.

### g. **Dispositive Motions:**

The Parties agree that for any motion for summary judgment or partial summary judgment, the other party will have at least 21 days to oppose, and the moving party will have at least 14 days to reply.

Plaintiff:  Ohio House anticipates filing the following dispositive motions:

- Motion for preliminary injunction;
- Motion for summary adjudication of the City's defenses; and,
- Motion for partial summary judgment on plaintiffs' claims under the disparate treatment (direct evidence), disparate impact, reasonable accommodation, and discriminatory statements theories.

The City:  The City believes that all issues and Claims in this action may be determined by motion(s) for summary judgment and the City intends to file such motion(s).  The City requests that no preliminary motion(s) for summary judgment or partial summary judgment be filed until approximately three months after the Scheduling Conference, until January 4, 2021.  To the extent Plaintiff intends to file any preliminary motion(s) for summary judgment or partial summary judgment prior to January 4, 2021, the City intends to seek additional time to take discovery pursuant to Rule 56(d).

### h. **Settlement and Settlement Mechanism:**

There have been no settlement discussions to date.  The Parties request that

Local Rule 16-15.4's ADR Procedure No. 2 (appearance before neutral selected from the Court's Mediation Panel) be utilized in this case.

### i. Trial Estimate:

The Parties have demanded trial by jury. The Parties anticipate 8-10 days for a jury trial.

Plaintiff contemplates calling approximately 15 witnesses.

The City contemplates calling approximately 15 witnesses.

### j. Timetable: See Exhibit "A" attached hereto.

### k. Other Issues:

The Parties agree to the entry of a standard protective order for confidentiality, the proposed form of which will be determined by the Parties and submitted separately.

The Parties will prepare and submit a stipulated confidentiality order to the assigned magistrate judge.

The Parties agree that service may be effected by email transmission pursuant to Fed. R. Civ. P. 5(b)(2)(E).

### l. Conflicts:

Plaintiff: Plaintiff's subsidiaries, parents and affiliates include: Plaintiff's counsel is unaware of any subsidiaries, parents and affiliates but is confirming with Plaintiff.

### m. Patent Cases:

This is not a patent case.

### n. Magistrates:

The Parties do not unanimously consent to have a Magistrate Judge preside.

DATED: September 21, 2020        EVERETT DOREY LLP

By:   */s/ Christopher D. Lee*
     Seymour B. Everett, III
     Samantha E. Dorey
     Christopher D. Lee
     Attorneys for Defendant
     CITY OF COSTA MESA

DATED: September 17, 2020        BRANCART & BRANCART

By:   /s/ Christopher Brancart
     Christopher Brancart
     Attorney for Plaintiff The Ohio House LLC

### **L. R. 5-4.3.4(a)(2)(i) Attestation**

I, the filer of this document, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# EXHIBIT A

# JUDGE JAMES V. SELNA

# PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff's Request (Insert specific date) | Defendant's Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: 8-10 days | 8:30 a.m. (Tuesdays) | | 11/30/21 | Same | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | −1 | | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed−to Statement of Case | 11:00 a.m. (Mondays) | −2 | 11/15/21 | Same | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | −3 | 11/9/21 | Same | |
| Last day for hand−serving Motions in Limine | | −6 | 10/19/21 | Same | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | −7 | 10/11/21 | Same | |
| Last day for hand−serving motions and filing (other than Motions in Limine). | | −11 | 09/13/21 | Same | |
| Non−expert Discovery cut−off | | −15 | 08/17/21 | Same | |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16−14 Settlement Choice: (2) Court Mediation Panel

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut−off | | | 08/17/21 | Same | |
| Rebuttal Expert Witness Disclosure | | | 06/17/21 | Same | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | 04/16/21 | Same | |
| Last day to conduct Settlement Conference | | | | | |
| Last day to amend pleadings or add parties | | | | | |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233  ♦FAX 949-377-3110

File No. 1029-15

# PROOF OF SERVICE

**Ohio House v. City of Costa Mesa**
**Case No. 8:19-CV-01710-JVS (PJWx)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

On September 21, 2020, I served true copies of the following document(s) described as:

**JOINT RULE 26(F) REPORT**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 21, 2020, at Irvine, California.

                                                /s/ Kristal N. Mauro
                                                Kristal N. Mauro

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

File No. 1029-15

# SERVICE LIST
## Ohio House v. City of Costa Mesa
### Case No. 8:19-CV-01710-JVS (PJWx)

| | |
|---|---|
| Isaac R. Zfaty<br>Garret M. Prybylo<br>MUCH SHELIST<br>660 Newport Center Dr #900,<br>Newport Beach, CA 92660<br>T: 949-767-2200<br>F: 949-385-5355<br>izfaty@muchlaw.com<br>gprybylo@muchlaw.com<br>esantos@muchlaw.com | *Attorneys for Plaintiff,*<br>Ohio House, LLC |
| Christopher Brancart<br>BRANCART & BRANCART<br>PO Box 686<br>Pescadero, CA 94060<br>(650) 879-0141<br>(650) 879-1103 (fax)<br>cbrancart@brancart.clom | *Attorneys for Plaintiff,*<br>Ohio House, LLC |
| STEVEN G. POLIN (DCBN 439234)<br>LAW OFFICES OF STEVEN G. POLIN<br>3034 Tennyson Street, NW<br>Washington, D.C. 200015<br>spolin2@earthlink.net | *Attorneys for Plaintiff,*<br>Ohio House, LLC |

4834-0902-2924.1

-2-           8:19-cv-01710 JVS (PJWx)

PROOF OF SERVICE