MUCH SHELIST, P.C.
Garrett Prybylo (SBN 304994)
gprybylo@muchlaw.com
660 Newport Center Drive, Suite 900
Newport Beach, CA 92660
Tel: (949) 767-2200

BRANCART & BRANCART
Christopher Brancart (SBN 128475)
cbrancart@brancart.com
P.O. Box 686
Pescadero, CA 94060
Tel: (650) 879-0141
Fax: (650) 879-1103

Attorneys for Plaintiff The Ohio House LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE OHIO HOUSE LLC,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**CITY OF COSTA MESA,**<br><br>    **Defendant.**<br><br>**CITY OF COSTA MESA, etc.,**<br><br>    **Counter-Plaintiff,**<br><br>    vs.<br><br>**THE OHIO HOUSE LLC, etc., et al.,**<br><br>    **Counter-Defendants.** | No. 8:19-cv-01710-JVS-GJS<br><br>**PLAINTIFF THE OHIO HOUSE LLC'S RESPONSE TO ORDER TO SHOW CAUSE WHY ACTIONS SHOULD NOT BE CONSOLIDATED (ECF 107)** |

    Plaintiff The Ohio House LLC hereby responds to the Court's order to

"show cause why the Court should not consolidate case numbers SACV 20-504 JVS (JDEx) [the Insight action] and SACV 19-1710 JVS (PJWx) [the Ohio action]. (ECF 107.) The Ohio House LLC ("Ohio") agrees with the Court's observation "that there are several common questions of law and fact, and [that] consolidation [is] in the interests of justice and the efficient resolution of both cases," but believes that at this point in the litigation consolidation for purposes of trial is premature. Accordingly, Ohio contends that these actions should be consolidated for purposes of pretrial discovery and motions only for the following reasons:

**1. Common issue of law.** Plaintiff Insight Psychology and Addiction ("Insight") and Ohio both claim that defendant City of Costa Mesa injured each of them pursuant to a pattern or practice of zoning discrimination in violation of federal and state fair housing laws. (Insight/ECF 28, ¶ 105; Ohio/ECF 45, ¶¶ 17-37, 70, 230.) Both challenge the legality of same zoning regulations applied to each of them. (Insight/ECF 28, ¶¶ 29-53; Ohio House/ECF 45, ¶¶ 41-69.) Each invokes the same liability theories: disparate treatment (Insight/ECF 28, ¶¶ 32, 38-53; Ohio/ECF 24, ¶¶ 17-36), disparate impact (Insight/ECF 28, ¶¶ 100-104; Ohio/ECF 45, ¶¶ 38-47), discriminatory statements (Insight/ECF 28, ¶ 105(k); Ohio/ECF 45, ¶¶ 102, 109, 116), and reasonable accommodation (Insight/ECF 28, ¶¶ 69-74; Ohio/ECF 45, ¶¶ 211-225).

Both Insight and Ohio plead claims under the federal Fair Housing Act (FHA) and the California Fair Employment and Housing Act (FEHA), the flagship claims in each action. (Insight/ECF 28, ¶¶ 111-125, 169-175); Ohio/ECF 45, ¶¶ 71-396.) Insight also alleges clams under the ADA, Rehab Act, § 1983, Unruh Act, and Govt. Code § 11135. (Insight/ECF 28, ¶¶ 126-168, 176-191.) Ohio also alleges a claim under Govt. Code § 65008. (Ohio/ECF 45, e.g., ¶¶ 5, 57, 201, 238, 245, 252, 259, 266, 273, 397-399.) While some of these unique claims come with limitations (e.g., § 1983 limited to disparate treatment arising from municipal

policy; § 65008 limited to disparate treatment and equitable relief only; Rehab Act requires proof of sole cause, etc.), the evidence to establish a violation of plaintiffs' common and uncommon statutory claims is coextensive since each employs one or more of the same liability theories used to establish a violation of the FHA. *See, e.g.*, *Pacific Shores v. City of Newport Beach,* 730 F.3d 1142, 1158, n. 19 (2013) ("standards of proof required for the Plaintiffs' FHA, ADA, and FEHA disparate treatment claims are identical.)

    **2.**    **Common issues of fact.**    Consistent with their pattern or practice allegation, Insight and Ohio both allege that the City regarded and treated their dwellings as "Group Homes," a term defined in the City's zoning code. (Insight/ECF 28, ¶¶ 65-99; Ohio/ECF 45, ¶¶ 41-69.)  The City applied the same business (CMMC 9-372), conditional use (CMMC § 13-323), and reasonable accommodation (CMMC 13-200.60) regulations to both Insight and Ohio. (Insight/ECF 28, ¶¶ 65-99; Ohio/ECF 45, ¶¶ 41-69.)  Both Insight and Ohio applied for a reasonable accommodation (Insight/ECF 28, ¶¶ 69-76; Ohio/ECF 45, ¶¶ 50-52), which the City denied pursuant to its reasonable accommodation criteria, the legality of which is challenged by both plaintiffs.  (Insight/ECF 28, ¶ 69-76; Ohio/ECF 45, ¶¶ 211-225.)  Both appealed that denial, which was upheld in both cases on similar grounds.  (Insight/ECF 28, Exhibit A; Ohio/ECF 45, ¶¶ 50-59.)  Both applied for a conditional use permit (CUP), which the Planning Commission denied in both cases on similar grounds.  (Insight/ECF 28, Exhibit A; Ohio/ECF 45, ¶¶ 50-59.)   Both appealed those denials to the City Council, which affirmed the Planning Commission in both cases on similar grounds.  (Insight/ECF 28, Exhibit A; Ohio/ECF 45, ¶¶ 60-63.)

    **3.**    **The City's Counterclaims and Affirmative Defenses.**    The City filed the same counterclaims and new affirmative defenses against both Insight and Ohio.  (Insight/ECF 59; Ohio/ECF 72.)  The Court granted Insight's motion to dismiss those counterclaims, with the exception of a nuisance claim, and to strike

the newly added defenses. (Insight/ECF 88, 90.) Ohio also moved to dismiss the City's counterclaims and to strike the City's new defenses on the same grounds (ECF 95, 97); however, Ohio's motion will not be heard until April 26. (ECF 110.) Although the outcome of Ohio's motions should have no effect on the common issues of law and fact arising from Insight and Ohio's discrimination claims, it may result in the need for a substantially longer discovery and motion period in the Ohio action. Accordingly, the outcome of Ohio's pending motions (ECF 95, 97) may preclude aligning the discovery periods and motion deadlines in the Insight and Ohio actions.

**4.    Consolidation for Trial is Premature.**    Ohio believes that it is premature to order these actions consolidated for trial. To be sure, as a matter of law and evidence, the case of each plaintiff should largely mirror the other. Unlike prior regulations enacted by the City, the zoning regulations challenged by and applied to Insight and Ohio, CMMC13-323, make no distinction between "Group Homes" and "Sober Living Homes".[1] Indeed, the distinction between disabled households and disabled households in recovery was dropped in Ordinances 15-11, which enacted the City's multifamily district zoning regulations for group homes occupied by seven or more residents, CMMC 13-323[2], and the concomitant requirement, in Ordinance 15-13, that every such Group Home obtain an operator's permit, CMMC 9-372.[3]

---

[1] The City defines of a Sober Living Home as a "Group Home for persons who are recovering from a drug and/or alcohol addiction[.]" CMMC 13-06.

[2] CMMC 13-323: "A conditional use permit shall be required for . . . a group home . . . with seven (7) or more occupants in the [multifamily]." The distinction was retained, in part, under Ordinance 15-13 requiring Group Home Operator's permits under CMMC 9-374(a)(11).

[3] CMMC 9-372: "It is unlawful. . . to operate, a group home . . . within [a multifamily district] without a valid permit," though certain requirements apply

But, in fact, Ohio's dwelling *is* a Sober Living Home and Insights's dwelling *is not*. On the one hand, that status could help Ohio, since discrimination based on the *nature* of a person's disability may be as much a violation of the FHA as discrimination based on disability *per se*. On the other hand, the City has long justified its harsher regulation of sober living homes because of the nature of the disability (i.e., recovery) of their residents. While the City's justification has shifted over time, moving from "addicts in our neighborhoods" to "unethical/illegal sober living operators," its prejudicial objective remains the same. (*See, e.g., City's motion to amend*, ECF 58, p. 16 ["rampant illegal and/or unethical conduct throughout the [sober living] industry [are] the normal practices."].) To avoid such prejudice, Insight has consistently positioned itself as "not sober living." While consolidation for purposes of discovery and motion practice makes sense, it is premature to consider consolidation of these actions for trial until discovery and motion practice are completed.

Dated: April 5, 2021.

Respectfully submitted,

| | |
|---|---|
| BRANCART & BRANCART | MUCH SHELIST, P.C. |
| | Garrett Prybylo (SBN 304994) |
| */s/ Christopher Brancart* | gprybylo@muchlaw.com |
| Christopher Brancart (SBN 128475) | 660 Newport Center Dr., Ste 900 |
| cbrancart@brancart.com | Newport Beach, CA 92660 |
| P.O. Box 686 | Tel: (949) 767-2200 |
| Pescadero, CA 94060 | |
| Tel: (650) 8790141 | |

Attorneys for Plaintiff The Ohio House LLC

---

only to Sober Living Homes, CMMC 9-374(a)(11).

-5-

# CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on April 5, 2021, I served by email via ECF a copy of the attached document – **PLAINTIFF THE OHIO HOUSE LLC'S RESPONSE TO ORDER TO SHOW CAUSE WHY ACTIONS SHOULD NOT BE CONSOLIDATED (ECF 107)** – on the following attorneys:

Samantha E. Dorey
Seymour B Everett, III
Christopher D. Lee
Everett Dorey LLP
18300 Von Karman Avenue Suite 900
Irvine, CA 92612
Fax: (949) 377-3110
sdorey@everettdorey.com
severett@everettdorey.com
clee@everettdorey.com

Kimberly Hall Barlow
Bruce Lindsay
Monica Choi-Arredondo
Jones Mayer
3777 North Harbor Boulevard
Fullerton, California 92835
Fax: (714) 446-1448
khb@jones-mayer.com
bal@jones-mayer.com
mca@jones-mayer.com
[For City]

William E. Halle
O'NEIL LLP
19900 MacArthur Boulevard, Suite 1050
Irvine, California 92612
Fax: (949) 798-0511
bhalle@oneil-llp.com
[For Counter-defendants]

*/s/ Christopher Brancart*