UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-01710JVS(PJWx)                                    Date   April 23, 2021

Title   The Ohio House LLC v. City of Costa Mesa

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Plaintiffs' Motion to Dismiss Counterclaims and Motion to Strike**

    Plaintiffs Brandon Stump, Ryan Stump, Keith Stump, Buckeye Recovery network, LLC ("Buckeye Recovery"), Buckeye Tree Collective, LLC ("Buckeye Tree"), Chadwick House, LLC ("Chadwick"), and Ashbrooke, LLC ("Ashbrooke") and the Ohio House LLC ("Ohio House") (collectively, "Plaintiffs") moved to dismiss the third amended counterclaims by the City of Costa Mesa (the "City" or "Costa Mesa"). Plaintiff Ohio House moved to strike the City's affirmative defenses. Dkt. No. 97. Costa Mesa opposed both motions. Dkt. Nos 104 and 105. Plaintiffs and the City then replied. Dkt. Nos. 120 and 121.

    Plaintiffs also filed a request for judicial notice ("RJN"). Dkt. No. 96. The Court **GRANTS** the RJN.

    For the following reasons, the Court **GRANTS** the motions.

### I. BACKGROUND

    The following background is drawn from the Third Amended Complaint, Dkt. No. 45 ("TAC"), and the City's counterclaims, Dkt. No. 72 ("Cls.").

**A.**     **Ohio House's TAC**

    Ohio House field suit against Costa Mesa alleging violations of the federal Fair Housing Act (FHA), the California Fair Employment and Housing Act (FEHA), and California's State Planning Law, Gov't Code § 65008. TAC ¶ 1. The TAC essentially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-01710JVS(PJWx)                    Date  April 23, 2021

Title  The Ohio House LLC v. City of Costa Mesa

alleges discriminatory zoning regulations as applied to Ohio House's Wilson Property. TAC ¶¶ 7-12.

Ohio House helps "disabled persons in recovery maintain their sobriety." TAC ¶ 40. It has classified its Wilson Street Property as a "group home" for purposes of its zoning regulations and demanded that "Ohio House comply with regulations that solely applied to group homes for disabled persons." Id. ¶ 41.

Following enactment of Ordinances 15-11 and 15-13, Ohio House submitted applications to allow it to continue operating as is. Id. ¶ 45. Costa Mesa later retroactively applied Ordinance 17-06 and 15-05. Id. ¶¶ 46-49. Costa Mesa also denied Ohio's request for reasonable accommodation from the permit requirements under Ordinances 15-11, 15-13, and 17-06. Id. ¶ 50.

It denied the request for a waiver of the 650-foot separation requirement and that the Wilson Street property be treated as a continuing nonconforming used. Id. In denying that request, it found that the Wilson Street property was too dissimilar from its environs and that there was adequate alterative housing within Costa Mesa such that the closure of the Wilson street property would not deprive its residents of an equal opportunity to live in Costa Mesa. Id. ¶ 51.

Ohio House believed it met the requirements to obtain a reasonable accommodation and appealed. Id. ¶¶ 52-54. Throughout the appeals, Costa Mesa officials noted that the "Wilson Property's dwellings were in full compliance with the City's existing building and generally applicable zoning regulations." Id. ¶ 61. Costa Mesa's Planning Commission denied that request. Id. ¶ 60. Ohio House then appealed to the City Council. Id. The City Council rejected Ohio House's appeal and then ordered the Wilson Street Property to disband. Id. ¶ 63. Costa Mesa has since issued a number of fines and penalties against Ohio House. Id. ¶¶ 64-69.

**B.    The City's Affirmative Defenses and Counterclaims**

As relevant to the instant motions, the City filed numerous affirmative defenses against Ohio House's claims, including that Ohio House's business was barred and that it had unclean hands.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-01710JVS(PJWx)                    Date   April 23, 2021

Title   The Ohio House LLC v. City of Costa Mesa

The City's Fifth Affirmative Defense claims that Ohio House's business is barred, including but not limited to:

> providing care and supervision, holding themselves out as providing care and supervision, accepting clients that demonstrate the need for care and supervision, and/or holding themselves out as licensed without the necessary license, are barred by State Law, including but not limited to the Health & Safety Code § 1503.5

Dkt. No. 72 at 54-55.

The City's Ninth Affirmative Defense asserts that Ohio House's claims for relief are barred by its unclean hands. Id. at 55. Specifically, starting in 2011, Ohio House and its owners would refer clients to other recovery businesses and accept referrals from those businesses in exchange for compensation or other things of value. Id. at 56. For example, Brandon Stump ("Stump") referred clients to Orange County Recovery Services, Inc., his own business that he purchased in 2017. Id. Through Stump's ownership of OCRS (and then, Buckeye Recovery Network, LLC, as it was renamed), he was also able to purchase additional Wilson property lots at a discounted and rebated amount. Id. Stump also formed a laboratory for the purposes of conducting drug testing for clients of OCRS, Buckeye Recovery Network, Ohio House, and others. Id. at 56-57. The laboratory gave compensation, secret rebates, unearned discounts, and other privileges to Ohio House. Id. at 57. As a result, Stump, Ohio House, and others, violated various provisions of the Health and Safety Code (§§ 11833.05 through 11835), Insurance Code § 750, Penal Code (§§ 550(a), 550(b), 186.10), the Business and Professions Code § 650.01, and the CCR. Id. at 57-66.

The City also alleged a number of counterclaims, which the Court explores below. The City filed its Counterclaims against Ohio House, Stump, Ryan Stump, Buckeye Recovery Network, LLC, Buckeye Tree Collective, LLC, Chadwick House, LLC, Ashbrooke, LLC, Keith Stump, and ROES 1-50 (collectively, "Counter-Defendants") for violating the California Unfair Trade Practices Act, Business & Professions Code §§ 17000 et seq., and for Declaratory Judgment and Injunctive Relief. Cls. ¶ 1.

The City alleged a first counterclaim for violation of the Business and Professions Code §§ 17043, 17044, 17045, 17047, 17048, and 17049.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-01710JVS(PJWx)          Date   April 23, 2021

Title    The Ohio House LLC v. City of Costa Mesa

    Starting in 2011, Counter-Defendants operated a reciprocal referral business with other recovery industry businesses. Cls. ¶ 17. Through this business, Counter-Defendants also procured units A and E of the Wilson properties for a discounted and rebated amount. Id. ¶ 18. Brandon and Ryan Stump also operated a laboratory that conducted drug testing for clients of the Counter-Defendants. Id. ¶ 19. Counter-Defendants referred their clients to the laboratory, which billed these clients' insurances for drug testing services while providing secret rebates, unearned discounts, and other privileges to Counter-Defendants. Id. These actions include in part either selling certain products or services at less than actual cost for the purposes of injuring competitors or destroying competition or charging clients reduced prices to lure them away from competitors, or otherwise offering rebates, refunds, commissions, or unearned discounts to clients of other companies. Id. ¶ 31.

    The City alleged a second counterclaim seeking a declaration concerning the Counter-Defendants' businesses. The second counterclaim relates to the Fifth and Ninth Affirmative Defenses, asserting the same allegations concerning Ohio House's alleged violations of statutes. See id. ¶ 44.

    As a result, the City requests a declaration that Counter-Defendants "are operating an illegal business," that they "do not have the right or authority to maintain their Claims in this action and any other similar Claims," that they are "barred from operating in the State of California," and that their conduct "constitutes a basis for the City to take law enforcement, code enforcement, or civil action" against them. Id. ¶ 45. The City also requests a permanent injunction against Counter-Defendants' operation of their businesses for the same reasons as discussed above. Id. ¶ 46.

## II. Legal Standard

### A.     Federal Rule of Civil Procedure 12(b)(6)

    Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 19-01710JVS(PJWx)                    Date    April 23, 2021

Title        The Ohio House LLC v. City of Costa Mesa

      In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679.  This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

**B.     Federal Rule of Civil Procedure 12(f)**

      Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice.  SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

      The essential "function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted). An "[i]mmaterial matter . . . has no essential or important relationship to the claim for relief or defenses being pleaded." Id. (internal quotation marks and citation omitted).  An "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal quotation marks and citation omitted).

      An affirmative defense may be insufficient as a matter of pleading or as a matter of law.  Sec. People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, at *2 (N.D. Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir.1979) (citing Conley v. Gibson, 355 U.S. 41(1957)); Simmons v. Navajo, 609 F.3d 1011, 1023 (9th Cir.2010); Schutte & Koerting, Inc. v. Swett &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-01710JVS(PJWx) | Date | April 23, 2021 |
| Title | The Ohio House LLC v. City of Costa Mesa | | |

Crawford, 298 Fed. Appx. 613, 615 (9th Cir.2008).

Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. See Conley, 355 U.S. at 47. It does not, however, require a detailed statement of facts. Id. at 47–48. On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." McArdle v. AT & T Mobility, LLC, 657 F.Supp.2d 1140, 1149–50 (N.D. Cal. 2009).

### III. DISCUSSION

#### A. Request for Judicial Notice

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002); see Fed. R. Evid. 201(b). Plaintiffs brings a request for judicial notice ("RJN") in support of their motion to dismiss. See RJN, Dkt. No. 96.

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee, 250 F.3d at 688. There are, however, two exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Id. First, the Court may consider documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688; see also United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (A court may treat an exhibit as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). Second, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record." Lee, 250 F.3d at 688–89; see Fed. R. Evid. 201(b).

The documents in Plaintiffs' request for judicial notice are matters of public record and the facts are not subject to reasonable dispute. Lee, 688–89 (9th Cir. 2001); see Fed. R. Evid. 201(b). Therefore, the Court **GRANTS** Plaintiffs' RJN and takes judicial notice of the documents in Plaintiffs' request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-01710JVS(PJWx)　　　　　　Date  April 23, 2021

Title　　The Ohio House LLC v. City of Costa Mesa

**A.　Motion to Dismiss under F.R.C.P. 12(b)(6)**

　　*i.　Supplemental Jurisdiction*

　　Plaintiffs and the City contend that the City's counterclaims are noncompulsory, nondiverse, state-law violations, and therefore, the Court may not exercise supplemental jurisdiction over them because they are not related to the sources of original jurisdiction. Dkt. No. 95 at 12. This is because they do not arise from a common nucleus of operative fact as the alleged predatory pricing "never informed the City's enactment of the challenged zoning regulations . . nor served as a basis or a consideration for denial of the Ohio-Wilson Group Home's application pursuant to those zoning regulations . . .." Id. at 13. There is likewise no overlap in legal elements between the claims. Id. at 14. They reassert the same claim in their reply. Dkt. No. 121 at 13.

　　Even if the Court were to find a nexus between Ohio House's claims and the City's counterclaims, exercising supplemental jurisdiction over the claims would be in error because the City's counterclaims present novel and complex questions of law and are so vague and sweeping that they would predominate over the original claims. Id. at 16. Other bases exist to defer exercising supplemental jurisdiction as well, including the prospective harm to future FHA plaintiffs forced to forgo their fair housing rights, parallel state court proceedings, and the possibility of merely raising these claims as an affirmative defense.

　　In response, the City contends that the Court does have supplemental jurisdiction over the counterclaims, citing to the Court's earlier order in the related Insight action. Dkt. No. 104 at 16. In addition, the City cites to a broad standard for exercising supplemental jurisdiction and asserts that there are "numerous common nuclei of operative fact" between the claims and counterclaims. Id. at 19. As an example, the City discusses how "the types of services that Ohio House provides to its clients and whether or not its clients are disabled goes directly towards whether Ohio House even has standing to make its disability discrimination [c]laims. . .." Id. at 20.

　　In any civil action of which a federal court has original jurisdiction, the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Under Madrano v. City of Los Angeles, determining whether to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-01710JVS(PJWx)               Date   April 23, 2021

Title   The Ohio House LLC v. City of Costa Mesa

exercise supplemental jurisdiction is a two-part analysis. 973 F.2d 1499, 1506 (9th Cir. 1992). First, the Court decides if the state law claims "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Second, the Court decides if exercising supplemental jurisdiction would be appropriate. Madrano, 973 F.2d at 1506. The Court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of state law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Court will exercise supplemental jurisdiction over these counterclaims. Many of the facts underlying its affirmative defenses are identical to those that underlie its counterclaims. Dkt. No. 104 at 19. Furthermore, there are common issues between the claims and counterclaims with respect to whether Ohio House was operating lawfully. The Court finds that none of the reasons to decline to exercise supplemental jurisdiction apply here.

  *ii.* *Unfair Practices Act Claim*

Plaintiffs next argue that the City's counterclaim under California's Unfair Practices Act (Cal. Bus. & Prof. Code §§ 17000, *et seq.*) ("UPA") should be dismissed either for lack of standing or for failure to state a claim on which relief can be granted.

The Court first considers whether the City has standing to pursue its UPA counterclaim.

Pursuant to Article III of the U.S. Constitution, the Court's jurisdiction over a case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-01710JVS(PJWx)     Date   April 23, 2021

Title   The Ohio House LLC v. City of Costa Mesa

bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show that (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (citation and internal quotation marks omitted).

Ohio House alleges that the City lacks Article III or statutory standing for its UPA counterclaim. Dkt. No. 95 at 19. First, the City fails to provide "basic" and "essential" allegations related to the interests it asserts, interests which Ohio House claims fall well outside the zone of interests that the UPA protects. Id. at 20. This is especially true, according to Ohio House, because it is not a competitor or customer of Ohio House. Id. Second, the City's lack of standing to assert the UPA counterclaims is only underscored by the fact that the injuries it sustained are not fairly traceable to Ohio House's alleged improper behavior. Id. at 20-21. Third, and finally, the City demands relief that the UPA cannot provide. Id. at 22.

In response, the City contends it has Article III standing to pursue the UPA counterclaim. First, it has alleged an injury in fact, citing to loss of revenue funds, etc. Dkt. No. 104 at 27. This potential loss of a revenue stream, it claims, is sufficient to satisfy the injury requirement for standing. Id. at 28. Second, the injury was caused by Counter-Defendants, asserting that each link within the causal chain between Counter-Defendants' actions and the City's injury is plausible. Id. at 29. Because Counter-Defendants' actions may have precluded other businesses in the City, the City may have lost revenue associated with those new businesses. Id. The City's injuries are also redressable via injunctive relief. Id. at 29-31. Having established that the City has Article III standing, the City also contends it has statutory standing. Id. at 32. To support its claim, it argues that the UPA has no standing requirement that the City be able to recover damages. Id. (citing Cal. Bus. & Prof. Code § 17082).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-01710JVS(PJWx)    Date   April 23, 2021

Title    The Ohio House LLC v. City of Costa Mesa

The Court finds that the City has sufficiently alleged it has Article III standing to pursue the UPA claim. The City adequately addresses the injury it suffers as well as the causation between that injury and Ohio House's actions.

> Counter-Defendants' anti-competitive conduct has injured and destroyed competition, reducing the number of competitors in the market and preventing new competitors from entering the market. Insight [sic] itself alleges that it is the only provider of its kind in Orange County, i.e. that it has a monopoly. The loss and prevention of additional businesses in the City has resulted in the loss of revenue and funds that the City would otherwise have collected, including permit application fees, business license fees, business taxes and other taxes, and funds associated with the proliferation of businesses and growth of commerce in the City.

Cls. ¶ 35.

First, lost profits or revenues – even caused partially by third parties – may confer Article III standing on a party. First Class Vending, Inc. v. Hershey Co., No. CV-15-01188-MWF-FFMx, 2015 WL 12426155, at *2 (C.D. Cal. July 28, 2015)). Moreover, the links in the causation chain are "plausible" and "not hypothetical or tenuous." Maya v. Centex Corp., 658 F.3d 1060, 1070 (9th Cir. 2011). Second, the City is further correct that its desired relief redresses its alleged injury, as the relief available under the UPA, including injunctive relief, would prevent further UPA violations and allow competition, which would directly address the Costa Mesa's injuries. Id.

Having found that the City has standing to pursue its claims, the Court next considers whether its claims can withstand Ohio House's motion to dismiss for failure to state a claim.

Ohio House contends that the UPA counterclaim fails to state a plausible claim in conformity with Rules 8(a) and 9(b). Dkt. No. 95 at 18. The claim is not plausible because it fails to allege certain basic facts, like the pricing of the product or service, its below price cost, and the competitors injured as a result of that pricing practice. Id. For example, it fails to allege sales price, cost in product, and the cost of doing business for its § 17043 (below cost) and § 17044 (loss-leader) claims. Id. at 19 (quoting Eastman v. Quest Diagnostics Inc., 108 F. Supp. 3d 827, 838 (N.D. Cal 2015). Likewise, it fails to allege necessary elements for its § 17045 secret rebate claim. Id. (citing First Class, 2015

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 19-01710JVS(PJWx)      Date    April 23, 2021

Title      The Ohio House LLC v. City of Costa Mesa

WL 12426155). Moreover, to the extent the City alleges that Ohio House violated the UPA by engaging in deceptive practices, it must allege such statements of fraud with particularity, which it does not do. Id. It also adds that the Insight action presents common questions of law and fact for the purposes of this motion *only*, and therefore, the Court should apply the same reasoning it did in Insight. Dkt. No. 121 at 1-10.

In response, the City contends that the factual allegations – as they currently stand – are sufficient for a UPA counterclaim, again citing to First Class. Dkt. No. 104 at 24. The City is also not required to plead the certain basic facts discussed above, as Ohio House contends, when a "plaintiff without experience in the business and not in a position to be able to give an estimate based on its own dealings in the industry" files suit. Id. at 25. Because "the City is not in a position to be able to give a rough estimate of Counter-Defendants' costs, because the City is not in the business of providing the same services as they are," the claim should not be dismissed. Id.

The Court agrees with Ohio House.

Neither G.H.I.I. v. MTS, Inc., 147 Cal. App. 3d 256, 276 (Ct. App. 1983) nor Sabry Lee, Inc. v. Genera Corp., No. CV 08-5758-GW(PJWX), 2009 WL 10674318, at *6 (C.D. Cal. Feb. 12, 2009) – the two cases on which the City relies – stand for the proposition that a party is excused from pleading any of the elements of cost (and other cost-related elements) to maintain a UPA claim when they may lack knowledge of those elements. Rather, the cases stand for the proposition that a court may relax the requirement upon a showing that a party is not in a position "to be able to give a rough estimate, based on information and belief" of costs. Sabry, 2009 WL at *6.

The Court is also unwilling to accept the City's comments at face value that it is unable to allege those costs. The Court is unwilling to accept the City's statements that it lacks knowledge to determine these elements. Scanlan v. Sisto, No. CIV S-09-2808 LKK, 2012 WL 1130668, at *3 (E.D. Cal. Mar. 28, 2012) (noting that the court was unwilling to accept "possibly self-serving statements as true on a Rule 12(b)(6) motion to dismiss"). The City could, perhaps through an analysis of past tax-related and other regulatory filings by Ohio House and similar organizations – provide a rough estimate of that amount. Compared to other entities, the City may be in an even better position to provide a rough estimate, given its regulatory functions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-01710JVS(PJWx)					Date  April 23, 2021

Title  The Ohio House LLC v. City of Costa Mesa

Accordingly, the Court finds that Costa Mesa has not plausibly plead its UPA claims, and thus it **GRANTS** the motion to dismiss on this issue without leave to amend. The Court does not consider Plaintiffs' additional arguments regarding Ashbrooke and Keith Stump.

    *iii.*   *Declaratory Judgment Act Claim*

Ohio House cites the Court's action in Insight as the basis for dismissing the Declaratory Judgment Act claim. Dkt. No. 95 at 22-23 (citing RJN Ex. 8). The statutes provided as a basis for its Declaratory Relief Action, like the City's same cause of action in Insight, do not provide a private right of action to prosecute, save the UPA claim. Id. at 23.

In response, the City contends that the Declaratory Judgment Act claim should not be dismissed merely because there is no private right of action and that the City should be permitted to pursue its claim. Dkt. No. 104 at 33. To that end, it asserts that there "is no authority that a Declaratory Judgment claim requires a statutory basis or a private right of action when it is not being used as an alternative mans to enforce a statute." Id.

The Court agrees with Plaintiffs that Costa Mesa does not have a claim under the Declaratory Judgment Act. There is no statute under which Costa Mesa can bring its DJA claim. For example, Costa Mesa alleges various violations of misdemeanors that Costa Mesa cannot prosecute without the Orange County District Attorney's consent, referring to Cal. Health & Saf. Code § 1540 (CCFA) (¶ 44(a)-(e)); Cal. Bus. & Prof. Code § 652 (Anti-Kickback Statute) (¶ 44(j)); and Cal. Gov. Code § 41803. Costa Mesa also asserts that Plaintiffs violated criminal statutes that do not provide a private cause of action for civil enforcement, such as Cal. Ins. Code § 750 (insurance fraud) (¶ 44(f)); Cal. Pen. Code § 186.10 (money laundering) (¶ 36(I)); Cal. Pen. Code § 550 (insurance fraud) (¶ 44(g)- (h)); Cal. Bus. & Prof. Code §§ 650, *et seq.* (illegal kickbacks) (in ¶ 36(j)-(k)); Cal. Bus. & Prof. Code § 2052 (unlicensed practice of medicine) (in ¶ 36(z)). See Mot. Dkt. No. 48, at 28. There is also no private right of action for tax evasion (¶ 44(aa)-(cc)), and Costa Mesa lacks standing to assert wage-and-hour claims (¶ 44(dd)) because it is not an "aggrieved employee" or California's Labor
and Workforce Department Agency. Cal. Lab. Code § 2699.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-01710JVS(PJWx)   Date   April 23, 2021

Title   The Ohio House LLC v. City of Costa Mesa

Therefore, the Court **GRANTS** the motion to dismiss the DJA claims, with leave to amend. The Court does not consider Plaintiffs' additional arguments regarding Ashbrooke and Keith Stump.

### C.   Motion to Strike under F.R.C.P. 12(f)

Ohio House argues that the Court should strike the City's Fifth and Ninth Affirmative Defenses for a number of reasons. It reasserts similar arguments in its reply. Dkt. No. 120 at 9-12.

First, they are unrelated to Ohio House's claims and any issues to be adjudicated. Dkt. No. 97 at 4. To support that claim, Ohio House cites various City ordinances spanning years, each containing legislative findings for that ordinance, and argues that none of them alludes to any harms or misconduct alleged in the City's defenses. Id.; see also id. at 4-7 (noting how the City did not cite any facts related to the Fifth and Ninth Affirmative Defenses in previous litigation against Ohio House or zoning actions against it). Second, the City lacks authority and standing to invoke any of the state laws that form the basis of its new defenses because the Court found in a related case (Case No. 8:20-cv-00504-JVS-JDEx) that the state laws could not provide a basis for their affirmative defenses. Id. at 8-9. Third, the defenses are not plausible under Twombly or Iqbal (or, where required, Rule 9(b)). Id. at 9-10. Fourth, the defenses have no application in this action because the unclean hands defense has no bearing in civil rights actions. Id. at 10-11. Fifth, the affirmative defenses rely on after-acquired evidence and the City cannot demonstrate that it actually attempted to enforce the state laws it cites as the basis for its defenses against Ohio House. Id. at 11-12.

In response, the City asserts that, because "if there is any doubt whether the portion to be stricken might bear on an issue" in the proceedings and such doubt exists here, the Court should not strike the affirmative defenses. Dkt. No. 105 at 3 (citing Gordian Med. V. Percival, No. SACV 19-2244-JVS-ADSx (C.D. Cal. Aug. 27, 2020). Moreover, because Ohio House's business is barred – and therefore it should not be allowed to operate regardless of the allegedly discriminatory actions by the City – any remedies it should be able to obtain should be limited. Id. Even if the affirmative defenses may be inapposite as to certain causes of action brought by Ohio House, they apply to others, and that should be sufficient to withstand a motion to strike. Id. at 5-6. Besides which, Ohio House also fails to show prejudice. Id. at 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-01710JVS(PJWx)                                Date   April 23, 2021

Title   The Ohio House LLC v. City of Costa Mesa

    The Court first disagrees with Ohio House's assertion that the two affirmative defenses have an insufficient nexus between them and the underlying claims. They both speak to whether Ohio House operated lawfully within the City, which in turn could affect the outcome of Ohio House's own discrimination case. The Court likewise disagrees with Ohio House's assertion that the City lacks standing, for the same reasons it discusses above.

    However, the Court agrees with Ohio House and finds that it has made the necessary showing that the affirmative defenses are insufficient as a matter of law. While this Court previously found that the unclean hands defense was not futile, it did so on a different standard. See Dkt. No. 82 (applying a less stringent standard to avoid converting a motion to amend into a motion to dismiss). While the unclean hands defense and the possibility that Plaintiff's business is barred are not complete defenses, they may be applicable in determining the particular remedies available to Ohio House. But, merely taking wrongdoing into account in order to "take due account of . . . the corresponding equities" does not equate into allowing an affirmative defense to go forward. McKennon, 513 U.S. at 361.

    The Court finds that the statement "wrongdoing must be taken into account" cannot withstand the weight that Costa Mesa places upon it. The Court will not allow affirmative defenses to stand where their purpose is only to provide relevant information of wrongdoing in the determination of remedies, particularly where the remedies that Plaintiffs seek are a declaration and injunction.

    Accordingly, the Court **GRANTS** the motion to strike, without leave to amend.

### IV. CONCLUSION

    For the foregoing reasons, the Court **GRANTS** both motions.

    **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-01710JVS(PJWx)  Date  April 23, 2021

Title  The Ohio House LLC v. City of Costa Mesa

:  0

Initials of Preparer  lmb