UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:19-cv-01710-JVS-GJS | Date | June 30, 2021 |
|---|---|---|---|
| Title | Ohio House, LLC v. City of Costa Mesa | | |

| Present: The Honorable | GAIL J. STANDISH, U.S. MAGISTRATE JUDGE |
|---|---|

| E. Carson | Zoom |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Christopher Brancart | Christopher Lee |

**Proceedings:**   Plaintiff's Motion to Compel [128]; Defendant's Motion to Compel and for Sanctions [138]

The case is called, and appearances are stated for the record. The Court finds and orders as follows:

1.  Plaintiff's Motion to Compel [128]

Plaintiff's Motion to Compel is DENIED. Defendants argue that there are two categories of discovery demands at issue in this case: (1) demands for documents or information that the City has already provided or does not have (Interrogatories Nos. 21-24 and RFPs Nos. 40 and 43-44; and (2) demands for information (Interrogatory No. 25 and RFPs Nos. 41-42 and 45-48), which the City describes as requests "for anything and everything related to potentially every one of the 43,000+ housing units in the City." [Dkt. 131 at 2 of 21].

The Court has reviewed the evidence and argument presented by both sides and performed the balancing mandated by the Federal Rules and adopts the City's position. The Court finds that, at this point in the proceedings, the City has provided everything it has in its custody or control on the requests that have sufficient relevance to warrant discovery, and has met its obligations

|  | : | 32 |
|---|---|---|
| Initials of Preparer | efc | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:19-cv-01710-JVS-GJS | Date | June 30, 2021 |
|---|---|---|---|
| Title | Ohio House, LLC v. City of Costa Mesa | | |

for the first category of documents.

The remainder of the requests – the "Category 2" demands for interrogatory responses and documents requests – have been propounded either to harass or as a clearly overbroad fishing expedition, perhaps both.  The interrogatories in this category are, additionally, propounded in violation of the limit on the number of interrogatories permitted in this case.  They are multipart questions that would require the City to provide several categories of information for tens of thousands of housing units each.

Plaintiffs contend that their "pattern and practice" claim warrants the broad discovery they seek.  However, the Court holds that – regardless of interpretation of the "pattern and practice" case law, which the parties dispute – Plaintiff's claim at this point, despite years of discovery, lacks sufficient foundation to warrant specific and burdensome discovery.  The claim was conclusory when made and remains unsupported to date.  In other words, merely arguing "pattern and practice" is not enough to warrant broad discovery.  See, e.g., *Naini v. King City Pub. Hosp. Dist. No. 2*, 2019 U.S. Dist. LEXIS 218238 at *16 (W.D. Wash 2019).  Therefore, the discovery sought here is quite simply out of bounds with what is presently at issue in the case.  While Defendant agrees that not all "fishing expeditions" are improper, Plaintiffs' Category 2 demands cross the line and are improper.  Should Plaintiff adduce sufficient evidence to support its pattern and practice claims through other means – for example, if additional complainants provide a basis for such a claim – the Court can reconsider whether further *targeted* discovery is warranted.

2.      Defendant and Counter-Plaintiff's Motion to Compel and for Sanctions [136]

The City's Motion to Compel and for Sanctions is GRANTED IN PART.  The City's motion argues and presents evidence that Plaintiffs are not in compliances with the Court's Order made on the record in October 2020 and again in written orders in April of this year granting

|  | : | 32 |
|---|---|---|
| Initials of Preparer | efc | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:19-cv-01710-JVS-GJS | Date | June 30, 2021 |
|---|---|---|---|
| Title | Ohio House, LLC v. City of Costa Mesa | | |

Defendants' earlier motion to compel.  [Dkt. 117 (Defendant's Motion)].  To determine whether Plaintiffs complied – and whether the Court's Order was clear – the Court not only read the papers filed in support of and in opposition to the instant motion, but it also went back through the original filings (over two boxes of courtesy copies) and the docket entries related to that motion.

Based on the evidence presented and the chronology of events, the Court GRANTS IN PART the City's motion.  The parties are directed to a transcript of the proceedings for further detail.  The discovery at issue must be provided by July 28, 2021.  An attorney declaration re compliance as described on the record is due to be filed with the Court on July 30, 2021.

In sum, the Court was clear in the prior hearing that Plaintiff's then-pending motion to dismiss that was briefed before the District Judge, even if granted, would not completely – or even mostly – obviate the need for the discovery the City requests.  What the City seeks is relevant to its defenses, whether they are presented as "affirmative" defenses on which the City has the burden of proof or simply defenses to Plaintiff's claims.

Moreover, Ohio House has made no showing, nor has it attempted to make a showing, that the discovery to which it does not want to respond is in any way burdensome.  Whether or not any evidence adduced in discovery is *admissible*, rather than *discoverable*, is a decision for the District Judge at an appropriate time.  At this point, however, the City's need for the discovery outweighs any burden to Ohio House.

The Court granted the previous motion but denied sanctions at that time because Ohio House had provided, after briefing but just before the hearing, certain supplements to the discovery that neither the City nor the Court had reviewed.  The City notes (and describes) both the then-provided and additional "supplements" that Plaintiff provided.  Having reviewed those supplements, however, as well as Ohio House's arguments in opposition to the City's motion,

| | : | 32 |
|---|---|---|
| | Initials of Preparer | efc |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:19-cv-01710-JVS-GJS | Date | June 30, 2021 |
|---|---|---|---|
| Title | Ohio House, LLC v. City of Costa Mesa | | |

the Court adopts the City's position with regard to Ohio House's purported further responses. Plaintiff Ohio House has repeatedly failed to provide the requested and ordered information to the City.

Ohio House's conduct appears willful to the Court. Its conduct and the correspondence between the parties certainly supports such a finding. The Court need not make that finding now, however, as the Court will issue only monetary sanctions at this time. Federal Rule 37(a)(5)(A) states that the Court "must" order the losing party in a discovery dispute to pay the opposing party's fees and costs associated with the motion at issue absent a substantial basis for the losing party's position or if shifting fees would not be in the interest of justice. Here, Ohio House's violation of the Court's prior order and its opposition to the City's motion have no substantial basis. Further, the interest of justice requires the Court to sanction Ohio House now, in hopes of deterring future misconduct. The Court was clear in October and April – and Ohio House has, in essence, admitted – that it should have provided at least some of the requested discovery. It has not done so.

As set forth above and on the record, Ohio House will provide complete responses no later than July 28, 2021, and will thereafter, on July 30, 2021, file a declaration with the Court averring that it has fully complied with the Court's Order or explaining why it has not or cannot. If Plaintiff does not provide complete discovery responses the Court will issue an Order to Show Cause why the further sanctions requested by the City should not be recommended to the District Judge. The Court very well may recommend preclusionary or terminating sanctions if it finds willful failure to comply with this order.

**IT IS SO ORDERED.**

|  | : | 32 |
|---|---|---|
| Initials of Preparer | efc | |