# Exhibit 10

RESOLUTION NO. PC-18-16

A RESOLUTION OF THE PLANNING COMMISSION OF THE CITY OF COSTA MESA UPHOLDING THE DIRECTOR'S DENIAL OF THE REQUEST FOR REASONABLE ACCOMMODATION; AND APPROVING CONDITIONAL USE PERMIT PA-16-33 FOR A SOBER LIVING FACILITY HOUSING TEN GENDER-SPECIFIC ADULTS; OPERATED BY RAW RECOVERY, LLC, AT 268 KNOX STREET

THE PLANNING COMMISSION OF THE CITY OF COSTA MESA HEREBY RESOLVES AS FOLLOWS:

WHEREAS, RAW Recovery, LLC, currently operates a sober living facility serving more than six persons at 268 Knox Street, Costa Mesa.

WHEREAS, an application was filed by The PRS Group, representing Douglass Allen Thorp and Daniel Loyer, the property owners, and RAW Recovery, LLC, the Operator.

WHEREAS, the application is requesting approval of **Conditional Use Permit PA-16-33** to allow a sober living facility housing up to ten gender-specific adults; and a request for a reasonable accommodation to allow this facility to be considered a single housekeeping unit; to be "grandfathered" under existing regulations; to be exempt from various provisions of the Zoning Code addressing rules and policies; and

WHEREAS, the request for reasonable accommodation and the conditional use permit application were processed in the time and manner prescribed by federal, state and local laws, and the Director denied the request for the reasonable accommodation in a letter dated June 2, 2016; and

WHEREAS, the Applicant appealed the Director's decision to deny a reasonable accommodation in a timely manner; and

WHEREAS, a duly noticed public hearing was scheduled for February 12, 2018 and February 26, 2018, before the Planning Commission to hear the appeal of the Director's decision to deny the request for reasonable accomodation and the application for a conditional use permit; and

WHEREAS, the project has been reviewed for compliance with the California Environmental Quality Act (CEQA), the CEQA Guidelines, and the City of Costa Mesa Environmental Guidelines, and has been found to be categorically exempt from CEQA under CEQA Guidelines Section 15301 for Existing Facilities.

WHEREAS, the CEQA categorical exemption for this project reflects the independent judgment of the City of Costa Mesa.

WHEREAS, a duly noticed public hearing was held by the Planning Commission on February 12, 2018 and February 26, 2018 with all persons having the opportunity to speak for and against the proposal.

BE IT RESOLVED that, based on the evidence in the record and the findings contained in Exhibit A, and subject to the conditions of approval contained in Exhibit B, the Planning Commission hereby upholds the Director's decision and **DENIES** the request for reasonable accommodation and **APPROVES** Conditional Use Permit PA-16-33, subject to the conditions of approval outlined in Exhibit B.

BE IT FURTHER RESOLVED that the Costa Mesa Planning Commission does hereby find and determine that adoption of this Resolution is expressly predicated upon the activity as described in the staff report for Planning Application PA-16-33 and upon the applicant's compliance with each and all of the conditions in Exhibit B and compliance of all applicable federal, state, and local laws. Any approval granted by this resolution shall be subject to review, modification or revocation if there is a material change that occurs in the operation, or if the applicant fails to comply with any of the conditions of approval.

BE IT FURTHER RESOLVED that if any section, division, sentence, clause, phrase or portion of this resolution, or the documents in the record in support of this resolution, are for any reason held to be invalid or unconstitutional by a decision of any court of competent jurisdiction, such decision shall not affect the validity of the remaining provisions.

The Secretary of the Commission shall attest to the adoption of this resolution and shall forward a copy to the applicant, and any person requesting the same.

**PASSED AND ADOPTED this 26th day of February, 2018.**

Stephan Andranian, Chair
Costa Mesa Planning Commission

STATE OF CALIFORNIA   )
COUNTY OF ORANGE   ) ss
CITY OF COSTA MESA   )

    I, Barry Curtis, Secretary to the Planning Commission of the City of Costa Mesa, do hereby certify that the foregoing Resolution No. PC-18-16 was passed and adopted at a regular meeting of the City of Costa Mesa Planning Commission held on February 26, 2018 by the following votes:

AYES:   de Arakal, Harlan, Navarro Woods

NOES:   Andranian, Kerins

ABSENT:   None

ABSTAIN:   None

                                                    Barry Curtis, Secretary
                                                  Costa Mesa Planning Commission

## EXHIBIT A

## FINDINGS FOR DENIAL OF THE REQUEST FOR REASONABLE ACCOMODATION

The City's Evidence

The City's evidence consists of a staff report with attachments. The staff report provided the factual background, legal analysis and the City's analysis supporting the denial of the Applicant's request for reasonable accommodation, based on the Applicant not meeting its burden to demonstrate compliance with all required findings per the Costa Mesa Municipal Code.

A. The Applicant has not met its burden to show that the Application meets the findings for approval of reasonable accommodation as follows:

- *The requested accommodation is requested by or on the behalf of one (1) or more individuals with a disability protected under the fair housing laws.*

The City accepts that this request for reasonable accommodation was submitted on behalf of persons who are considered disabled under state and federal law.

- *The requested accommodation is necessary to provide one (1) or more individuals with a disability an equal opportunity to use and enjoy a dwelling.*

In this case, because there is no separation conflict, the requested waiver of the 650-foot separation requirement is not necessary to allow for the sober living facility to operate in its current location. However, there was no justification provided to support the request to "grandfather" the facility or consider the residents of the facility to be a single housekeeping unit. Indeed, the CMMC includes amortization provisions for group homes that were in operation at the time Ordinance 15-11 was adopted. All such homes are required to come into compliance within one year. The residents do not live as a single housekeeping unit as defined by the CMMC in that they have no control over who else resides at the facility; rent is collected from each resident; expenses are not shared; and residency tends to be transient. Approval of the request to consider the residents of this facility to be a single housekeeping unit would be contrary to the purpose and intent of Ordinance 15-11.

- *The requested accommodation will not impose an undue financial or administrative burden on the city, as "undue financial or administrative burden" is defined in fair housing laws and interpretive case law.*

There is no evidence that the accommodation would impose an undue financial or administrative burden on the city.

- *The requested accommodation is consistent with surrounding uses in scale and intensity of use.*

The subject property is legal nonconforming for lot width and lot depth based on current standards, but complies with other development standards. Further, subject

-222-

City 8759

property would house up to eight residents per Condition Number 2 in a large single family structure with eight bedrooms and the floor plans submitted by the Applicant show one bed per bedroom. Although the number of adults in the residence is higher than the typical number (2.2 adults per household) in Costa Mesa, this is not an unreasonable occupancy, particularly in the context of the structure's size, large number of bedrooms, and considering that the property is zoned for multiple-family use and surrounded on all sides by multifamily developments. Further, onsite parking meets current parking standards. Therefore, in this case, the facility is not substantially inconsistent with the surrounding uses in scale or intensity.

- *The requested accommodation will not, under the specific facts of the case, result in a direct threat to the health or safety of other individuals or substantial physical damage to the property of others.*

There is no evidence that approval of this request would result in a direct threat to the health or safety of anyone, or substantial physical damage to the property of others.

- *If economic viability is raised by the applicant as part of the applicant's showing that the requested accommodation is necessary, then a finding that the requested accommodation is necessary to make facilities of a similar nature or operation economically viable in light of the particularities of the relevant market and market participants generally, not just for that particular applicant.*

The applicant did not raise economic viability as a justification for the accommodation.

- *Whether the existing supply of facilities of a similar nature and operation in the community is sufficient to provide individuals with a disability an equal opportunity to live in a residential setting.*

The City has received applications for 65 sober living homes and 11 licensed treatment facilities that are subject to compliance with Ordinance Nos. 14-13 and 15-11. Twelve (12) sober living homes serving six or fewer residents have been approved by the City, and one sober living home serving 13 men has been approved. In addition, there are 60 state-licensed drug and alcohol residential care facilities in Costa Mesa that are exempt from City regulation, or have already obtained the required conditional use permit. No evidence has been submitted to indicate that the number of sober living homes and drug and alcohol residential care facilities existing or potentially allowed in compliance with the City's standards is inadequate.

- *The requested accommodation will not result in a fundamental alteration in the nature of the City's zoning program.*

Ordinance 15-11 established requirements for sober living homes, group homes and licensed drug and alcohol treatment facilities in multi-family zoning districts. The Ordinance specifically included provisions regulating the spacing of sober living homes and state-licensed facilities of 7 or more. In this case, there is no separation conflict for the subject property. However, granting a request to "grandfather" the use since it was established prior to the City's group home regulations and to exempt the

facility from various sections of the CMMC addressing policies and rules would fundamentally alter the City's zoning program.

**FINDINGS FOR APPROVAL OF THE CONDITIONAL USE PERMIT**

- B. The application presented substantially complies with Costa Mesa Municipal Code Section 13-29(g)(2) and meets the findings required by the Costa Mesa Municipal Code for approval of a Conditional Use Permit in that:

- *Pursuant to the purpose and intent of the Multi-Family Residential Group Home Ordinance, the drug and alcohol treatment facility would not provide a comfortable living environment that will enhance the opportunity for disabled persons, including recovering addicts, to be successful in their programs.*

There are eight bedrooms in the existing residential structure with one bed per room shown on the floor plan and furniture plan. The Applicant's letter states that the facility houses up to 10 residents, though at the February 12, 2018 hearing the Applicant stated that no more than eight persons lived at the facility. The residence contains a living room, kitchen and dining area and a fenced rear yard for outdoor open space.

The Housing Element of the General Plan, page HOU-23, states:

> Overcrowding is defined as a housing unit occupied by more than one person per room. A severely overcrowded housing unit is one with more than 1.5 persons per room. A room is defined as a bedroom, living room, dining room, or finished recreation room, but excludes kitchen and bathroom.

This definition is consistent with the Federal HUD standards, which generally define "overcrowding" to mean housing units with 1.01 or more persons per room. See 42 USCS § 5302(a)(10).

Based on the floor plans which show eight bedrooms and one living room (the dining area is physically connected to the kitchen and therefore is not counted as a separate room), there are 1.11 persons per room at the subject site. This would be considered overcrowding using the HUD standard.

Because the number of adults in the residence is higher than the typical number (2.2 adults per household) in Costa Mesa and above the HUD standard for overcrowding, Condition 2 has been required to reduce the number of residents to eight persons which matches the number of beds shown on the Applicant's plans. This proposed occupancy is not unreasonable, particularly in the context of the structure's size, large number of bedrooms, and the property's location in a multi-family residential zoning district and in a largely multi-family residential neighborhood. It is not unusual for bedrooms in single-family or multi-family neighborhoods to house one individual.

-224-

City 8761

The use of a large single-family residence to accommodate the proposed number of residents will provide a comfortable residential environment. Conditions 12 and 13 will further ensure a comfortable living environment by requiring that onsite improvements comply with Building and Fire Code. The site provides four parking spaces (two garage spaces and two open spaces), which complies with Code for a single-family residence. The fenced rear yard provides a space for outdoor use that is visually screened from the street and provides a separation from neighboring properties. The facility will not share any common walls with neighbors who may be concerned about noise.

- *The drug and alcohol treatment facility would not further the purposes of the FEHA, the FHAA, and Lanterman Act by limiting the secondary impacts related to noise, traffic, and parking to the extent reasonable.*

Residents of this facility are allowed to have cars and park them at the site. However, not all residents have a car or drive. The application states that there will be one staff vehicle parked onsite and parking will be limited to designated onsite parking spaces. There are four parking spaces provided on-site, which complies with City standards. Further, the Zoning Code requires residents of sober living homes to park on-site, or on the street within 500 feet of the facility. There are no parking restrictions, such as permit parking or red curbs, which would interfere with the ability of residents of the facility to secure on-street parking if all on-site parking spaces are occupied. The facility is in compliance with the city's standards for parking and there have not been parking complaints since the facility commenced operations.

Smoking and noise impacts are often cited when sober living homes create problems in neighborhoods. Residents are allowed to smoke in designated areas, in this case in the rear yard. The rear yard is surrounded by a fence that separates the yard from adjoining properties. The facility's rules do not allow congregating or smoking in the open front yard area which abuts the public sidewalk. Further, large numbers of residents are not allowed to smoke together in order to prevent smoke wafting toward adjoining properties. The facility will not share any common walls with neighbors who may be concerned about noise.

- *The drug and alcohol treatment facility would not be compatible with the residential character of the surrounding neighborhood.*

The subject property would house up to eight residents per Condition Number 2 in a large single family structure with eight bedrooms. With eight bedrooms and up to eight residents, there will be one person per bed/bedroom. This is not an unreasonable occupancy, particularly in the context of a property that is zoned for multiple-family use and surrounded on all sides by multifamily developments. The facility complies with the City's standards for parking. The facility has operated for two years without generating substantial complaints from neighbors or police calls for service. The sober living facility has been maintained and operated in a manner that is compatible with the character of the neighborhood.

- <u>*The group home is at least 650 feet from another property that contains a group home, sober living home or state-licensed drug and alcohol facility, as defined in the code and measured from the property line.*</u>

  The subject property is not within 650 feet of another group home, sober living, or state-licensed drug and alcohol treatment facility, as defined in the code and measured from the property line. A separation map is provided as an attachment to the staff report.

  If this CUP is approved, the subject property will create separation requirements for other sober living homes and state licensed drug and alcohol facilities seeking conditional use permits within 650 feet.

- <u>*The proposed use is substantially compatible with developments in the same general area and would not be materially detrimental to other properties within the area.*</u>

  As part of the application process, the sober living operator submitted a copy of the House Rules, Relapse Policy and all forms distributed to residents. These documents demonstrate that the facility will be operated in a manner consistent with the provisions of the Costa Mesa Municipal Code. The facility has been in operation for two years and the City has received one Code Enforcement complaint related to an inoperable vehicle and no calls for police service. The fenced rear yard area is screened from view from surrounding properties and the public street and sidewalk. The facility's rules do not allow congregating or smoking in the open front yard of the facility adjacent to the public street. The site complies with parking standards. The subject property is not within 650 feet of another group home, sober living or treatment facility and therefore does not contribute to overconcentration of these facilities. Further, the number of residents in the structure is reasonable given its size and bedroom count, such that overcrowding is not a substantial concern subject to Conditions of Approval Numbers 2, 3, 12 and 13. For these reasons, approval of this CUP will not be detrimental to the health, safety and general welfare of the public.

- <u>*Granting the CUP will not be materially detrimental to the health, safety and general welfare of the public or otherwise injurious to property or improvements within the immediate neighborhood.*</u>

  For the reasons noted above, approval of this CUP will not be detrimental to the health, safety and general welfare of the public.

- <u>*Granting the conditional use permit will not allow a use which is not in accordance with the general plan designation.*</u>

  The proposed use is consistent with the City's General Plan. The project proposes a residential use in a single-family residential structure on a property and in a neighborhood zoned for multiple-family residential use.

-226-

C. The project has been reviewed for compliance with the California Environmental Quality Act (CEQA), the CEQA Guidelines, and the City's environmental procedures. The project is categorically exempt from the provisions of CEQA under CEQA Guidelines Section 15301 for Existing Facilities.

D. The project is exempt from Chapter IX, Article 11, Transportation System Management, of Title 13 of the Costa Mesa Municipal Code.

## EXHIBIT B

## CONDITIONS OF APPROVAL

Plng.  1. Once issued by the City, the owner shall maintain in good standing, an operator's permit as required by Article 23, Chapter 2 of Title 9.

2. The total number of occupants in the sober living home shall be no more than eight persons (inclusive of a resident house manager, if applicable).

3. The onsite garage shall be used for parking only and no other purpose. The garage space shall remain free and clear of obstructions and be capable of being used for parking at all times. Parking in the public alley or otherwise obstructing access to the garage is prohibited.

4. The use shall be limited to the type of operation described in the staff report and applicant's project description submitted with the application, subject to conditions. Any change in the operational characteristics including, but not limited to, home rules and regulations, intake procedures or relapse policy, shall be subject to Community Improvement Division review and may require an amendment to the conditional use permit, subject to Planning Commission approval, depending on the nature of the proposed change. The applicant is reminded that Code allows the Planning Commission to modify or revoke any planning application based on findings related to public nuisance and/or noncompliance with conditions of approval [Title 13, Section 13-29(o)].

5. Applicant shall defend, with the attorney of City's choosing, and shall indemnify and hold harmless the City, its officials and employees, against all legal actions filed challenging City's approval of the applicant's project and/or challenging any related City actions supporting the approval.

6. A copy of the conditions of approval for the conditional use permit must be kept on premises and presented by the house manager to any authorized City official upon request during normal business hours (9:00 a.m. to 5:00 p.m., Monday through Saturday). New business/property owners shall be notified of conditions of approval upon transfer of the business or ownership of land.

7. The project is subject to compliance with all applicable Federal, State, and local laws.

8. All vehicles associated with the residence, including residents and staff, shall be limited to parking on the property and/or on the street within 500 feet of the property.

9. It shall be the applicant's responsibility to maintain current information on file with the City regarding the name, address and telephone number of the property manager and/or owner.

10. The property shall be maintained in accordance with landscape maintenance requirements contained in Costa Mesa Municipal Code Section 13-108.

-228-

City 8765

11. The facility shall operate at all times in a manner that will allow the quiet enjoyment of the surrounding neighborhood consistent with Title 20 of the Costa Mesa Municipal Code. The applicant and/or manager shall institute whatever measures are necessary to comply with this requirement.

12. If any building alterations are proposed, the applicant shall comply with requirements of the California Building Code as to design and construction. Further, any non-permitted construction shall be brought into compliance with the current version of Fire and Building Codes. A complete application for building permits shall be submitted to the City's Building Division within 30 days of the date of approval of this Permit. The Applicant shall diligently pursue obtaining such permits and complete any necessary improvements or corrective actions within the timelines specified by the City's Building Division.

    The Applicant shall remove all exterior doors which do not function as a primary access point for the facility as a whole, or which are not otherwise required for life safety purposes.

13. The applicant shall obtain a fire clearance from the Costa Mesa Fire Department pursuant to the requirements of the current version of the California Fire Code within 30 days of the date of approval of this Permit. The Applicant shall diligently pursue completion of any required improvements or corrective actions within the timelines specified by the City's Fire Department.

14. Applicant shall provide neighbors with the telephone number of the on-site manager and/or property owner, for the purposes of allowing neighbors to lodge complaints or describe concerns about the operation of the facility.

15. The sober living home shall not provide any of the following services as they are defined by Section 10501 (a)(6) of Title 9, California Code of Regulations: detoxification; education counseling; individual or group counseling sessions; and treatment recovery or planning.

CID 16. The applicant is responsible to ensure that occupants, if any, who are subject to the requirements of Health & Safety Code section 11590 et seq. (Registration of Controlled Substance Offenders), Penal Code section 290 et seq. (Sex Offender Registration Act), and/or any condition of probation or parole, are in compliance with any applicable requirements and conditions of their registration, probation and/or parole while they are occupants or residents of the subject property.

17. The applicant shall not allow any person to reside at the subject property who is prohibited from doing so under applicable law, including, but not limited to Welfare & Institutions Code section 6608.5(f) and/or Penal Code section 3003(g)(1)(3).

18. Vehicles picking up or dropping off passengers at the facility shall not block traffic or create hazardous conditions and shall comply with all applicable provisions of the California Vehicle Code and Title X of the Costa Mesa Municipal Code.

19. The applicant shall comply with any and all water conservation measures adopted by the Mesa Water District that apply to multi-family residences and/or properties.

20. The applicant shall post a copy of the Good Neighbor Policy in at least one highly visible location inside the facility and in at least one highly visible location in all side and rear yards.

21. Operator shall ensure that no trash and debris generated by tenants is deposited onto the City's rights of way pursuant to Section 8-32 of the Costa Mesa Municipal Code.

22. The applicant shall comply with reservation procedures implemented by the City's Parks and Community Services Department to reserve park shelters or picnic areas for special events.

23. This CUP is subject to review if the applicant fails to comply with any of the conditions of approval listed in this resolution and/or the facility creates an excessive amount of calls for City services.

24. By December 1 of every year, the applicant shall submit written confirmation that all parking spaces on the property remain accessible for parking. This confirmation shall be accompanied by photographs that document the accessibility of each space for automobile parking.

25. All drivers of vehicles at the group home shall comply with all applicable provisions of the Vehicle Code, including but not limited to those provisions regulating licensure, parking, standing and stopping.

26. At least 48 hours prior to an occupant's eviction from or involuntary termination of residency in this group home, the operator thereof shall:
    a. Notify the person designated as the occupant's emergency contact or contact of record that the occupant is no longer a resident at the home;
    b. Contact the Orange County Health Care Agency OC Links Referral Line and/or another entity designated by the City to determine the services available to the occupant, including but not limited to, alcohol and drug inpatient and outpatient treatment;
    c. Notify the city's Network for Homeless Solutions that an occupant is no longer a resident at the home, and determine the services available therefrom;
    d. Provide the information obtained from b. and c. and any other treatment provider or service to the occupant prior to his or her

-230-

City 8767

release on a form provided by the City and obtain the occupant's signed acknowledgement thereon;

If the occupant's behavior results in immediate termination of residency pursuant to rules approved by the City as part of the Operator's Permit for this facility, the operator shall comply with this condition prior to evicting the resident.

27. Prior to an occupant's eviction from or involuntary termination of residency in a group home, the operator thereof shall make available to the occupant transportation to the address listed on the occupant's driver license, state issued identification card, or the permanent address identified in the occupant's application or referral to the group home. Should the occupant decline transportation to his or her permanent address or otherwise has no permanent address, then the operator shall make available to the occupant transportation to another group home or residential care facility that has agreed to accept the occupant. The group home operator may not satisfy this obligation by providing remuneration to the occupant for the cost of transportation.

28. The group home operator shall maintain records for a period of one year following eviction from or involuntary termination of residency of an occupant that document compliance with Conditions 26 and 27; provided, however, that nothing herein shall require an operator of a group home to violate any provision of state or federal law regarding confidentiality of health care information.

## CODE REQUIREMENTS

The following list of federal, state and local laws applicable to the project has been compiled by staff for the applicant's reference. Any reference to "City" pertains to the City of Costa Mesa.

Plng.   1. Use shall comply with all requirements of Chapter XVI of the Costa Mesa Municipal Code relating to development standards for sober living homes in multi-family residential zones.

Bldg.   2. Prior to making alterations to the property and throughout construction, the applicant shall comply with the requirements of the applicable adopted California Building Code, California Electrical Code, California Mechanical Code, California Plumbing Code, California Green Building Standards Code and California Energy Code and the California Code of Regulations, also known as the California Building Standards Code, as amended by the City of Costa Mesa.