Exhibit 6



# *CITY COUNCIL AGENDA REPORT*

**MEETING DATE: AUGUST 1, 2017**    **ITEM NUMBER**:   **PH-2**

**SUBJECT:** CODE AMENDMENT CO-17-04 TO AMEND SECTIONS OF TITLE 13 OF THE COSTA MESA MUNICIPAL CODE (PLANNING, ZONING AND DEVELOPMENT), RELATING TO APPLICATION SUBMITTAL REQUIREMENTS AND NOTICING FOR PUBLIC HEARINGS

**DATE:**     **JULY 28, 2017**

**FROM:**     **DEVELOPMENT SERVICES DEPARTMENT**

**PRESENTATION BY:  SHERI VANDER DUSSEN, CONSULTANT**

**FOR FURTHER INFORMATION CONTACT:    Sheri Vander Dussen, AICP (714) 754-5617**
**sheri.vanderdussen@costamesaca.gov**

---

## RECOMMENDATION

Introduce for first reading Ordinance No. 17-XX adopting Code Amendment CO-17-04 to modify the submittal requirements for all discretionary applications, and expand the notice provided for public hearings held by the Planning Commission and City Council.

## BACKGROUND

In its meeting of June 12, 2017, the Planning Commission voted unanimously (with one commissioner absent) to recommend that the City Council adopt this code amendment.

## ANALYSIS

The City Council adopted Ordinance 17-05 at its meeting of May 2, 2017.  Among other changes, this ordinance requires the City to provide notice of hearings regarding Special Use Permits (SUPs) to owners <u>and occupants</u> of properties within 500 feet of the subject site.  The ordinance also requires certain additional information to be submitted as part of group home applications.  Staff believes it is important for submittal and noticing requirements to be consistent for all discretionary applications and has initiated this code amendment as a result.  Staff informed the City Council of its intentions to process this Zoning Code amendment during the May 2, 2017 Council meeting.

The following changes to Section 13-29 of the Zoning Code are proposed.

**EXHIBIT**
**960**

City 3141

***Application Submittal Requirements***

The zoning code details information that must be submitted with a discretionary land use application.  These applications include Special Use Permits (SUPs), Conditional Use Permits (CUPs), Master Plans, and other land use requests.  The Code specifies that applications shall be signed by the owner of the property and shall be accompanied by other information as required by the Planning Division.

The City Council imposed additional submittal requirements on applications for SUPs and CUPs for group homes and licensed treatment facilities in residential zones.  Staff believes it is appropriate to obtain this information from all applicants, and proposes to add the following submittal requirements to Section 13-29(a):

> (3) If the applicant and/or operator is a partnership, corporation, firm or association, then the applicant/operator shall provide the additional names and addresses as follows and such persons shall also sign the application:
> a. Every general partner of the partnership;
> b. Every owner with a controlling interest in the corporation;
> c. The person designated by the officers of a corporation as set forth in a resolution of the corporation that is to be designated as the permit holder
> (4) The applicant shall describe the license and permit history of the applicant(s), including whether such applicant(s), in previously operating a similar use in this or another city, county or state under license and/or permit, has had such license and/or permit revoked or suspended, and the reason therefore.

This information on permit history will be particularly helpful when applications are submitted for business types with the potential to create impacts on the surrounding neighborhood, such as a nightclub.

***Public Notice Requirements***

Section 13-29(d) of the Zoning Code specifies that notice of public hearings before the Planning Commission and City Council on zoning matters shall be provided as follows:

- Mailed notice shall be provided to all owners of property within 500 feet of the project property
- A notice shall be posted on each street frontage of the project site
- Notice shall be published once in a newspaper of general circulation

The proposed revisions would amend the requirements for mailed notices to also include occupants of properties within 500 feet of the subject property.

This modification will ensure that anyone living or conducting business in the vicinity of a project site will be made aware of an upcoming hearing.  This change will significantly impact the expense incurred by the City to provide notice of hearings as the number of notices sent will be greater, especially when an apartment building or multi-tenant office, retail or industrial building falls within the noticing area.

In most cases, state law requires notice to all owners of property within 300 feet of the subject property.  See Government Code § 65091(a).  However, the City may provide greater than the minimum required notice.  See Government Code § 65091(c).

**ENVIRONMENTAL DETERMINATION**

The ordinance has been reviewed for compliance with the California Environmental Quality Act (CEQA), the CEQA guidelines, and the City's environmental procedures, and has been found to be exempt pursuant to Section 15061(b)(3) (General Rule) of CEQA because there is no possibility that the proposed amendment to the Zoning Code will have a significant effect on the environment.

**LEGAL REVIEW**

The draft ordinance has been reviewed and approved as to form by the City Attorney's Office.

**PUBLIC NOTICE**

A quarter-page ad noticing this hearing was published in the Daily Pilot on July 21, 2017 pursuant to Section 13-29(d) of the CMMC.  No other notice was required.

**CONCLUSION**

The proposed amendment will require greater disclosure from corporations submitting applications for discretionary land use decisions, as well as history on operation of similar uses in this or other jurisdictions.  Mailing public hearing notices to occupants will ensure that everyone living or conducting business near a property that is the subject of a public hearing will have the opportunity to become informed about the application and participate in the decision-making process.

_____
SHERI VANDER DUSSEN, AICP
Consultant

_____
BARRY CURTIS, AICP
Director  of  Economic  and
Development Services

Attachments:          1.  Draft Ordinance – Revisions Depicted
                      2.  Draft Ordinance – Clean Version
                      3.  Excerpt  of  the  minutes  of  the  Planning
                          Commission meeting of June 12, 2017

ATTACHMENT 1

REVISIONS DEPICTED

ORDINANCE NO. 17-

AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF COSTA MESA ADOPTING ZONING CODE AMENDMENT CO-17-XX AMENDING SECTION 13-29 OF CHAPTER III (PLANNING APPLICATIONS), OF TITLE 13 (PLANNING, ZONING AND DEVELOPMENT) OF THE COSTA MESA MUNICIPAL CODE

THE CITY COUNCIL OF THE CITY OF COSTA MESA MAKES THE FOLLOWING FINDINGS WITH RESPECT TO THE ADOPTION OF THIS ORDINANCE:

WHEREAS, City of Costa Mesa places a high value on public participation by those residents affected by project approvals, that the existing requirements for notification of property owners only within a five hundred-foot radius does not provide notice to non-owner residents and therefore does not maximize the opportunity for public participation, and that public participation will be enhanced by providing notice to all affected residents, both property owners and renters alike;

WHEREAS, disclosure of all principals involved in an application promotes greater transparency and accountability in project approvals, will allow the public and the decision makers to fully understand who will be responsible for implementing the project and allows the city to conduct background checks of all owners and officers when said checks are required by ordinance;

WHEREAS, understanding the applicant's history of operating similar uses in this or other jurisdictions will allow the approving body to more fully evaluate the application and determine the appropriate conditions of approval to be imposed, if any, and will help promote greater transparency and accountability in project approvals; and

WHEREAS, this Ordinance has been reviewed for compliance with the California Environmental Quality Act (CEQA), the CEQA guidelines, and the City's environmental procedures, and has been found to be exempt pursuant to Section 15061 (b)(3) (General Rule) of the CEQA Guidelines, in that the City Council hereby finds that it can be seen with certainty that there is no possibility that the passage of this Ordinance will have a significant effect on the environment.

**NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF COSTA MESA DOES ORDAIN AS FOLLOWS:**

**Section 1:** Sub-sections (a) (Application) and (d) (Public notice) of Section 13-29 of Chapter III (Planning Applications) of Title 13 (Planning, Zoning and Development) are hereby amended as follows:

**Sec. 13-29. - Planning application review process.**

(a) *Application.*

(1) Application for any planning application shall be made to the planning division on the forms provided. Plans and information reasonably needed to analyze the application may be required. A list of required plans and information shall be available from the planning division.

(2) All applications shall be signed by the record owner of the real property to be affected. This requirement may be waived upon presentation of evidence substantiating the right of another person to file the application.

(3) If the application is for a conditional use permit, minor conditional use permit, special use permit, master plan, specific plan, rezone, general plan amendment, tentative map, or density bonus and the operator is a partnership, corporation, firm or association, then the applicant/operator shall provide the additional names and addresses as follows and such persons shall also sign the application:

    a. every general partner of the partnership;

    b. every owner with a controlling interest in the corporation;

    c. the person designated by the officers of a corporation as set forth in a resolution of the corporation that is to be designated as the permit holder.

(4) If the application is for a conditional use permit, minor conditional use permit, or special use permit, the applicant shall describe the license and permit history of the applicant(s), including whether such applicant(s), in previously operating a similar use in this or another city, county or state under license and/or permit, has had such license and/or permit revoked or suspended, and the reason therefore.

(d) *Public notice.* When required pursuant to Table 13-29(c), public notice shall be given as described in the following subsections. Public notices shall contain a general explanation of the proposed planning application and any other information reasonably needed to give adequate notice of the matter to be considered.

(1) *Mailed notice required.* Notices of the hearing shall be mailed to all property owners and occupants within a five hundred-foot radius of the project site, except for applications for the construction of a building(s)

one hundred fifty (150) feet or more in height; these applications shall require a greater notice radius:

| Building Height in Feet | Notice Requirement |
|---|---|
| More than 150 and less than or equal to 225 | 700-foot radius |
| More than 225 and less than or equal to 300 | 900-foot radius |
| More than 300 | 1,100-foot radius |

a.  The required notice radius shall be measured from the external boundaries of the property described in the application. The notice shall be mailed no less than ten (10) days prior to the hearing or determination on the application. The planning division shall require for this purpose the use of the last known name and address of such owner(s) as shown on the last equalized county assessment roll or by a more current listing.

(2)  *On-site posting required.* Additional notice shall be provided by posting a notice on each street frontage of the project site, no less than ten (10) days prior to the date set for the hearing or determination on the application.

(3)  *Newspaper publication.* When a public hearing is required, notice shall also be published once in the city in a newspaper of general circulation, no less than ten (10) days prior to the date set for the public hearing.

**Section 2:** Inconsistencies. Any provision of the Costa Mesa Municipal Code or appendices thereto inconsistent with the provisions of this Ordinance, to the extent of such inconsistencies and no further, is hereby repealed or modified to that extent necessary to affect the provisions of this Ordinance.

**Section 3:** Severability. If any chapter, article, section, subsection, subdivision, sentence, clause, phrase, word, or portion of this Ordinance, or the application thereof to any person, is for any reason held to be invalid or unconstitutional by the decision of any court of competent jurisdiction, such decision shall not affect the validity of the remaining portion of this Ordinance or its application to other persons. The City Council hereby declares that it would have adopted this Ordinance and each chapter, article, section, subsection, subdivision, sentence, clause, phrase, word, or portion thereof, irrespective of the fact that any one or more subsections, subdivisions, sentences, clauses, phrases, or portions of the application thereof to any person, be declared invalid or unconstitutional. No

portion of this Ordinance shall supersede any local, state, or federal law, regulation, or codes dealing with life safety factors.

**Section 4:** Effective Date.  This Ordinance shall take effect and be in full force thirty (30) days from and after the passage thereof, and prior to the expiration of fifteen (15) days from its passage shall be published once in the ORANGE COAST DAILY PILOT, a newspaper of general circulation, printed and published in the City of Costa Mesa or, in the alternative, the City Clerk may cause to be published a summary of this Ordinance and a certified copy of the text of this Ordinance shall be posted in the office of the City Clerk five (5) days prior to the date of adoption of this Ordinance, and within fifteen (15) days after adoption, the City Clerk shall cause to be published the aforementioned summary and shall post in the office of the City Clerk a certified copy of this Ordinance together with the names and member of the City Council voting for and against the same.

Adopted this _ day of _, 2017

_____
Katrina Foley, Mayor

ATTEST:

_____
Brenda Green
City Clerk of the City of Costa Mesa

City 3147

STATE OF CALIFORNIA  )
COUNTY OF COSTA MESA    )
CITY OF COSTA MESA       )


      I, BRENDA GREEN, City Clerk of the City of Costa Mesa, California, do hereby certify that the foregoing Ordinance was introduced at the regular meeting of the City Council held on the _____ day of _____, 2017, and thereafter at the regular meeting of said City Council duly held on the _____ day of _____, 2017, was duly passed and adopted by the following vote, to wit:

AYES:
NOES:
ABSENT:
ABSTAIN:



   -

                                     _____
                                     Brenda Green
                                     City Clerk of the City of Costa Mesa

ATTACHMENT 2

ORDINANCE NO. 17-

**AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF COSTA MESA ADOPTING ZONING CODE AMENDMENT CO-17-XX AMENDING SECTION 13-29 OF CHAPTER III (PLANNING APPLICATIONS), OF TITLE 13 (PLANNING, ZONING AND DEVELOPMENT) OF THE COSTA MESA MUNICIPAL CODE**

**THE CITY COUNCIL OF THE CITY OF COSTA MESA MAKES THE FOLLOWING FINDINGS WITH RESPECT TO THE ADOPTION OF THIS ORDINANCE:**

WHEREAS, City of Costa Mesa places a high value on public participation by those residents affected by project approvals, that the existing requirements for notification of property owners only within a five hundred-foot radius does not provide notice to non-owner residents and therefore does not maximize the opportunity for public participation, and that public participation will be enhanced by providing notice to all affected residents, both property owners and renters alike;

WHEREAS, disclosure of all principals involved in an application promotes greater transparency and accountability in project approvals, will allow the public and the decision makers to fully understand who will be responsible for implementing the project and allows the city to conduct background checks of all owners and officers when said checks are required by ordinance;

WHEREAS, understanding the applicant's history of operating similar uses in this or other jurisdictions will allow the approving body to more fully evaluate the application and determine the appropriate conditions of approval to be imposed, if any, and will help promote greater transparency and accountability in project approvals; and

WHEREAS, this Ordinance has been reviewed for compliance with the California Environmental Quality Act (CEQA), the CEQA guidelines, and the City's environmental procedures, and has been found to be exempt pursuant to Section 15061 (b)(3) (General Rule) of the CEQA Guidelines, in that the City Council hereby finds that it can be seen with certainty that there is no possibility that the passage of this Ordinance will have a significant effect on the environment.

**NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF COSTA MESA DOES ORDAIN AS FOLLOWS:**

**Section 5:** Sub-sections (a) (Application) and (d) (Public notice) of Section 13-29 of Chapter III (Planning Applications) of Title 13 (Planning, Zoning and Development) are hereby amended as follows:

### Sec. 13-29. - Planning application review process.

(a) *Application.*

(1) Application for any planning application shall be made to the planning division on the forms provided. Plans and information reasonably needed to analyze the application may be required. A list of required plans and information shall be available from the planning division.

(2) All applications shall be signed by the record owner of the real property to be affected. This requirement may be waived upon presentation of evidence substantiating the right of another person to file the application.

(3) If the application is for a conditional use permit, minor conditional use permit, special use permit, master plan, specific plan, rezone, general plan amendment, tentative map, or density bonus and the operator is a partnership, corporation, firm or association, then the applicant/operator shall provide the additional names and addresses as follows and such persons shall also sign the application:

   a. every general partner of the partnership;
   b. every owner with a controlling interest in the corporation;
   c. the person designated by the officers of a corporation as set forth in a resolution of the corporation that is to be designated as the permit holder.

(4) If the application is for a conditional use permit, minor conditional use permit, or special use permit, the applicant shall describe the license and permit history of the applicant(s), including whether such applicant(s), in previously operating a similar use in this or another city, county or state under license and/or permit, has had such license and/or permit revoked or suspended, and the reason therefore.

(d) *Public notice.* When required pursuant to Table 13-29(c), public notice shall be given as described in the following subsections. Public notices shall contain a general explanation of the proposed planning application and any other information reasonably needed to give adequate notice of the matter to be considered.

(1) *Mailed notice required.* Notices of the hearing shall be mailed to all property owners and occupants within a five hundred-foot radius of the project site, except for applications for the construction of a building(s) one hundred fifty (150) feet or more in height; these applications shall require a greater notice radius:

| Building Height in Feet | Notice Requirement |
|---|---|
| More than 150 and less than or equal to 225 | 700-foot radius |
| More than 225 and less than or equal to 300 | 900-foot radius |
| More than 300 | 1,100-foot radius |

a.  The required notice radius shall be measured from the external boundaries of the property described in the application. The notice shall be mailed no less than ten (10) days prior to the hearing or determination on the application. The planning division shall require for this purpose the use of the last known name and address of such owner(s) as shown on the last equalized county assessment roll or by a more current listing.

(2)  *On-site posting required.* Additional notice shall be provided by posting a notice on each street frontage of the project site, no less than ten (10) days prior to the date set for the hearing or determination on the application.

(3)  *Newspaper publication.* When a public hearing is required, notice shall also be published once in the city in a newspaper of general circulation, no less than ten (10) days prior to the date set for the public hearing.

**Section 6:** Inconsistencies. Any provision of the Costa Mesa Municipal Code or appendices thereto inconsistent with the provisions of this Ordinance, to the extent of such inconsistencies and no further, is hereby repealed or modified to that extent necessary to affect the provisions of this Ordinance.

**Section 7:** Severability. If any chapter, article, section, subsection, subdivision, sentence, clause, phrase, word, or portion of this Ordinance, or the application thereof to any person, is for any reason held to be invalid or unconstitutional by the decision of any court of competent jurisdiction, such decision shall not affect the validity of the remaining portion of this Ordinance or its application to other persons. The City Council hereby declares that it would have adopted this Ordinance and each chapter, article, section, subsection, subdivision, sentence, clause, phrase, word, or portion thereof, irrespective of the fact that any one or more subsections, subdivisions, sentences, clauses, phrases, or portions of the application thereof to any person, be declared invalid or unconstitutional. No portion of this Ordinance shall supersede any local, state, or federal law, regulation, or codes dealing with life safety factors.

City 3151

**Section 8:** Effective Date.  This Ordinance shall take effect and be in full force thirty (30) days from and after the passage thereof, and prior to the expiration of fifteen (15) days from its passage shall be published once in the ORANGE COAST DAILY PILOT, a newspaper of general circulation, printed and published in the City of Costa Mesa or, in the alternative, the City Clerk may cause to be published a summary of this Ordinance and a certified copy of the text of this Ordinance shall be posted in the office of the City Clerk five (5) days prior to the date of adoption of this Ordinance, and within fifteen (15) days after adoption, the City Clerk shall cause to be published the aforementioned summary and shall post in the office of the City Clerk a certified copy of this Ordinance together with the names and member of the City Council voting for and against the same.

Adopted this _ day of _, 2017

_____
Katrina Foley, Mayor

ATTEST:

_____
Brenda Green
City Clerk of the City of Costa Mesa

City 3152

STATE OF CALIFORNIA  )
COUNTY OF COSTA MESA   )
CITY OF COSTA MESA      )


  I, BRENDA GREEN, City Clerk of the City of Costa Mesa, California, do hereby certify that the foregoing Ordinance was introduced at the regular meeting of the City Council held on the _____ day of _____, 2017, and thereafter at the regular meeting of said City Council duly held on the _____ day of _____, 2017, was duly passed and adopted by the following vote, to wit:

AYES:
NOES:
ABSENT:
ABSTAIN:


                      _____
                      Brenda Green
                      City Clerk of the City of Costa Mesa

**ATTACHMENT 3**

**APPROVED MINUTE EXCERPTS FROM THE
JUNE 12, 2017 PLANNING COMMISSION MEETING
REGARDING CO-17-04**

1. **CODE AMENDMENT CO-17-04: TO AMEND SECTIONS OF TITLE 13 OF THE COSTA MESA MUNICIPAL CODE (PLANNING, ZONING AND DEVELOPMENT), RELATING TO APPLICATION SUBMITTAL REQUIREMENTS AND NOTICING FOR PUBLIC HEARINGS**

   **Description:** The proposed ordinance will modify the submittal requirements for all discretionary applications.  In addition, the amendment will expand the notice provided for public hearings held by the Planning Commission and City Council.

   **Environmental Determination:** The ordinance is categorically exempt from the provisions of the California Environmental Quality Act (CEQA) under Section 15061(b)(3) (General Rule).

   Sheri Vander Dussen, Interim Assistant Director/Community Improvement, presented the staff report.

   Vice-Chair de Arakal and Mrs. Vander Dussen discussed Section 4 of the application submittal requirements in the staff report.

   **PUBLIC COMMENTS**

   A speaker spoke in support of the code amendment.

   Vice-Chair de Arakal stated that this item was continued from the May 22, 2017 meeting.

   The Vice-Chair closed the public hearing.

   **MOTION: Move that the Planning Commission find that the project is categorically exempt from the provisions of the California Environmental Quality Act per Section 15061; and recommend that the City Council approve Code Amendment CO-17-04.**
   **Moved by Commissioner Harlan, seconded by Commissioner Kerins.**

   The motion carried by the following roll call vote:
   Ayes:       de Arakal, Harlan, Kerins, Navarro Woods
   Noes:       None
   Absent:     Andranian
   Abstained: None