BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  cbrancart@brancart.com
  Elizabeth Brancart (SBN 122092)
  ebrancart@brancart.com
P.O. Box 686
Pescadero, CA 94060
Tel:  (650) 879-0141
Fax:  (650) 879-1103

Attorneys for Plaintiff The Ohio House LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE OHIO HOUSE LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF COSTA MESA,<br><br>    Defendant. | No. 8:19-cv-01710-JVS-GJS<br><br>NOTICE RE PLAINTIFF'S EXPERT BRIAN CONNOLLY<br><br>**Trial:**<br>Date:  March 30, 2022<br>Time:  8:30 a.m.<br>Room:  JSV |

    Plaintiff Ohio House provides notice to the Court that it will call its expert Brian Connolly on Tuesday morning, April 5. Attached as Exhibit 1 is an excerpt from the pretrial conference transcript discussing the City's limine motion regarding Mr. Connolly's testimony. Ohio House gave notice to the City on Friday that it would be calling Mr. Connolly on Tuesday. Ohio House previously alerted the Court as to the potential need to call Mr. Connolly out of order. (See ECF 335 at 16:18-26.)

Dated: April 4, 2022          Respectfully submitted,

                                    BRANCART & BRANCART

                                    */s/ Elizabeth Brancart*
                                    Elizabeth Brancart

                                    Attorneys for Plaintiff The Ohio House LLC

# CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on April 4, 2022, I served by email via ECF a copy of the attached document – **NOTICE RE PLAINTIFF'S EXPERT BRIAN CONNOLLY**– on the following attorneys:

| | |
|---|---|
| Samantha E. Dorey<br>Seymour B Everett, III<br>Christopher D. Lee<br>EVERETT DOREY LLP<br>18300 Von Karman Avenue Suite 900<br>Irvine, CA 92612<br>Fax: (949) 377-3110<br>sdorey@everettdorey.com<br>severett@everettdorey.com<br>clee@everettdorey.com<br>[For City] | Kimberly Hall Barlow<br>Bruce Lindsay<br>Monica Choi-Arredondo<br>JONES MAYER<br>3777 North Harbor Boulevard<br>Fullerton, California 92835<br>Fax: (714) 446-1448<br>khb@jones-mayer.com<br>bal@jones-mayer.com<br>mca@jones-mayer.com<br>[For City] |

*/s/ Elizabeth Brancart*

# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                         SOUTHERN DIVISION

                              - - -

         THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING


         THE OHIO HOUSE, LLC,         )CERTIFIED TRANSCRIPT
                      Plaintiff,      )
            vs.                       )
                                      )  SACV-19-01710-JVS
         CITY OF COSTA MESA,          )
                      Defendant.      )
         -----------------------------)



              REPORTER'S TRANSCRIPT OF PROCEEDINGS

                     Santa Ana, California

                        March 14, 2022



                   SHARON A. SEFFENS, RPR
                   United States Courthouse
                   411 West 4th Street, Suite 1-1053
                   Santa Ana, CA  92701
                   (714) 543-0870
```

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   CHRISTOPHER BRANCART
     **BRANCART & BRANCART**
 4   **P.O. Box 686**
     **Pescadero, CA  94060**
 5   **(650) 879-0141**

 6   For the Defendant:

 7   CHRISTOPHER D. LEE
     SEYMOUR B. EVERETT
 8   **SAMANTHA E. DOREY**
     EVERETT DOREY, LLP
 9   18300 Von Karman Avenue, Suite 900
     Irvine, CA  92612
10   (949) 771-9233

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
10:57   1   SANTA ANA, CALIFORNIA; MONDAY, MARCH 14, 2022; 10:57 A.M.
10:57   2              THE CLERK:  Item No. 2, SACV-19-01710-JVS, Ohio
10:57   3   House, LLC, versus City of Costa Mesa.
10:57   4              Appearance on behalf of the plaintiff, please.
10:57   5              MR. BRANCART:  Good morning, Your Honor.  Chris
10:57   6   Brancart appearing on behalf of the plaintiff which is
10:57   7   represented here today by Mr. Ryan Stump.
10:57   8              THE COURT:  Good morning.
10:57   9              THE CLERK:  On behalf of defendants, please.
10:57  10              MS. DOREY:  Good morning, Your Honor.  Samantha
10:57  11   Dorey on behalf of the City.
10:57  12              THE COURT:  Good morning.
10:57  13              MR. EVERETT:  Good morning, Your Honor.  Seymour
10:57  14   Everett appearing on behalf of the City of Costa Mesa.
10:57  15              THE COURT:  Good morning.
10:57  16              MR. LEE:  Good morning, Your Honor.  Christopher
10:57  17   Lee appearing on behalf of the City of Costa Mesa.
10:58  18              THE COURT:  Good morning.
10:58  19              This matter is here for the pretrial conference.
10:58  20   I suggest that we take up the motions in-limine first and
10:58  21   then turn to the issues with regard to the pretrial
10:58  22   conference.  I have a number of motions in-limine.  Let's
10:58  23   begin with plaintiffs.
10:58  24              I've indicated that I don't believe oral argument
10:58  25   is necessary on the first two.
```

33

```
11:42    1              THE COURT:  Okay.  Well, I'll continue to think
11:43    2    about this --
11:43    3              MR. LEE:  Thank you, Your Honor.
11:43    4              THE COURT:  -- that specific point.
11:43    5              Okay, let's move on.  I didn't post a tentative
11:43    6    for Brian Connolly.  My general thinking is I'd allow him to
11:43    7    testify in the process.  But it seems to me when you get to
11:43    8    paragraph six and beyond, he's applying the law, and some
11:43    9    places he calls it the law.
11:43   10              MR. BRANCART:  Your Honor, I --
11:43   11              THE COURT:  I'd be happy to have him testify to,
11:43   12    you know, what's the overall scheme of housing regulation in
11:43   13    Costa Mesa, what's the historical picture in terms of
11:43   14    applications for conditional use programs or reasonable
11:43   15    accommodations and whatnot, but going much beyond that I
11:43   16    have a problem.
11:43   17              MR. BRANCART:  Your Honor, you don't need to turn
11:43   18    to Mr. Connolly's report.  It is quite detailed --
11:43   19              THE COURT:  Yes.
11:43   20              MR. BRANCART:  -- and lengthy.  He states 18
11:43   21    opinions.  Not all of them fall, I think, within the
11:43   22    wheelhouse you've identified.  They begin at page 46 and
11:44   23    they end at page 61, and this is the ECF 249-3, and his
11:44   24    findings, opinions, conclusions begins at page -- ECF
11:44   25    page 47 of that.
```

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
| 11:44 | 1  | And I would say, Your Honor, that I understand the                  |
| 11:44 | 2  | Court's position.  I think I would go back to two                   |
| 11:44 | 3  | observations.  One is that in these set of opinions that he         |
| 11:44 | 4  | sets forth, he does, for example, in opinion three talk             |
| 11:44 | 5  | about if you violate fair housing laws or the organic state         |
| 11:44 | 6  | law, that's inconsistent with sound planning principles.            |
| 11:44 | 7  | And I don't think that that is even disputed by --                  |
| 11:44 | 8  | THE COURT:  I don't have a problem saying that.                     |
| 11:44 | 9  | MR. BRANCART:  Okay.  All right.  And I think that                  |
| 11:44 | 10 | if you talk about -- he talks about just the structure of           |
| 11:44 | 11 | the ordinance, and I can go back to that.  But if you               |
| 11:45 | 12 | recall, Your Honor, the burden and benefit are a big issue          |
| 11:45 | 13 | here.  He talks about the express burdens that are being            |
| 11:45 | 14 | imposed because of the 650 separation, and that is                  |
| 11:45 | 15 | inconsistent with sound planning principles.  That's six.           |
| 11:45 | 16 | On page 51, he talks about, again, the separation                   |
| 11:45 | 17 | requirement being inconsistent with planning practice               |
| 11:45 | 18 | because it looks at users who live in the dwelling, not the         |
| 11:45 | 19 | use.  On opinion nine, he again goes directly to this notion        |
| 11:45 | 20 | that it benefits, and says it doesn't benefit because it            |
| 11:45 | 21 | limits availability, describes about how it does based upon,        |
| 11:45 | 22 | you know, planning principles.  He goes on -- and it goes           |
| 11:45 | 23 | on -- I mean, Your Honor, I understand that --                      |
| 11:45 | 24 | THE COURT:  Well, I agree with you some parsing is                  |
| 11:45 | 25 | going to have to be done.  To the extent that he says a             |

```
11:45    1   650-foot separation limit provides no benefits and instead
11:46    2   states factual reasons for that, I think he's entitled to do
11:46    3   that.
11:46    4              MR. BRANCART:  I appreciate that, Your Honor.
11:46    5              I do think that it is -- I do appreciate that, and
11:46    6   he -- and he does -- because one of the issues and --
11:46    7   obviously is, I point you to the defense expert who will
11:46    8   say, basically unadorned in her opinion, that I've read
11:46    9   these definitions and I declared that they are consistent
11:46   10   with the Fair Housing Act and FEHA and the state --
11:46   11              THE COURT:  Can't do that.  I'm not going to allow
11:46   12   it.
11:46   13              MR. BRANCART:  I will say that the second
11:46   14   observation I wanted to make, Your Honor, goes to this
11:46   15   issue, and I don't know if we should take it up now or if
11:46   16   you want to take it up after we the finish limine motions,
11:46   17   and that is the procedural posture of the case.  If we are
11:46   18   to have the jury decide what provisions of the applicable
11:47   19   regulations are facially discriminatory, someone is going to
11:47   20   have to give them guidance on that, as well as introducing
11:47   21   the concept in opening statement that the evidence will show
11:47   22   and someone is going to have to say this goes to this and
11:47   23   this goes to that and walk them through that.  Obviously
11:47   24   that matching and walking someone through a fairly
11:47   25   complicated regulation is going to be a task that an
```

```
11:47   1    expert's going to have to do.  And of course, that's
11:47   2    something that Mr. Connolly outlined in his report in some
11:47   3    detail.
11:47   4              So I leave that and I would like to return to that
11:47   5    issue of --
11:47   6              THE COURT:  Well, my view is all issues are going
11:47   7    to go to the jury, even if normally the Court is supposed to
11:47   8    ultimately resolve them.
11:47   9              MR. BRANCART:  May I ask Your Honor --
11:47  10              THE COURT:  -- and that's true with 65008, which
11:47  11    is a -- that claim goes to the Court.  What I'm going to do
11:48  12    is as I did in Yellowstone, solicit advisory verdicts on
11:48  13    those issues.
11:48  14              MR. BRANCART:  I understand. Your Honor, here's
11:48  15    what I would say is different than in the Yellowstone case
11:48  16    is that we have -- unlike in Yellowstone, we have a facially
11:48  17    discriminatory set of regulations.  And that is significant
11:48  18    because whether something is facially discriminatory -- and
11:48  19    we briefed it extensively in the summary judgment -- whether
11:48  20    or not something is facially discriminatory is a question of
11:48  21    law.  It's not a question that the jury gets to read the
11:48  22    text and make the decision.  That is truly a question of
11:48  23    law, Your Honor.
11:48  24              I would ask this, just while I'm on this point.  I
11:48  25    was trying to think about a solution this morning.  One is,
```

|       |    |                                                                          |
|-------|----|--------------------------------------------------------------------------|
| 11:48 | 1  | I would like to, with the Court's permission, we've done the            |
| 11:48 | 2  | jury instruction thing. I have your standard                            |
| 11:48 | 3  | preinstruction. I would like to share with the City and                 |
| 11:48 | 4  | propose to you a preinstruction, you know, based upon the               |
| 11:49 | 5  | provisions that have been determined to be facially                     |
| 11:49 | 6  | discriminatory so that the jury understand that now their               |
| 11:49 | 7  | task when it comes to those is to look at whether or not                |
| 11:49 | 8  | that is justified, because that is -- ultimately, that is               |
| 11:49 | 9  | the question of law that is decided before it goes to them.             |
| 11:49 | 10 | THE COURT: Well, let's present -- let's see what                        |
| 11:49 | 11 | your instruction is for the initial proposed instructions.              |
| 11:49 | 12 | MR. BRANCART: I will.                                                   |
| 11:49 | 13 | The second thing I'd say is this, Your Honor. If                        |
| 11:49 | 14 | the jury is going to be called upon to render opinions --               |
| 11:49 | 15 | I'm sorry, render a verdict on whether or not specific                  |
| 11:49 | 16 | provisions of the regulations at issue here -- and there are            |
| 11:49 | 17 | many -- whether or not specific provisions are facially                 |
| 11:49 | 18 | discriminatory, and then go onto the next step which is the             |
| 11:49 | 19 | justification step, I would ask that we consider                        |
| 11:50 | 20 | bifurcation. We do raise that in our pretrial conference --             |
| 11:50 | 21 | THE COURT: I'm not going to bifurcate anything --                       |
| 11:50 | 22 | MR. BRANCART: Okay. Well, I appreciate your                             |
| 11:50 | 23 | consideration of that.                                                  |
| 11:50 | 24 | THE COURT: -- except for the decision on the                            |
| 11:50 | 25 | Court's ruling on 65008.                                                |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
11:50   1              MR. BRANCART:  Right.  I understand, Your Honor.
11:50   2   That would be advisory to assist the Court.
11:50   3              It does make it difficult, Your Honor -- so, I
11:50   4   just -- so -- and I don't want to bedevil this because I've
11:50   5   heard you were going to set to work on something.  We'll
11:50   6   share it with the City and we'll then share it with you in
11:50   7   terms of today, the pretrial instruction on addressing this
11:50   8   legal issue of facial discrimination.
11:50   9              In opening statement, then, what we would do is we
11:50  10   would say, you know, the evidence will show that it is
11:50  11   facially discriminatory and here's what is facially
11:50  12   discriminatory.  Is that --
11:50  13              THE COURT:  Fine.
11:51  14              MR. BRANCART:  It's challenging, Your Honor --
11:51  15              THE COURT:  There are differences.
11:51  16              MR. BRANCART:  Yes.  Oh, yes, there are.
11:51  17              THE COURT:  And if you want to characterize the
11:51  18   differences as discrimination in your opening statement,
11:51  19   fine.
11:51  20              MR. BRANCART:  All right.  And there certainly are
11:51  21   differences in terms of -- there are many regulations, some
11:51  22   of which are obviously more impactful and much more overtly
11:51  23   disparate than others.  Okay.  Well, I will take on more the
11:51  24   advice about the instruction.
11:51  25              THE COURT:  Okay.
```

```
11:51   1            MR. BRANCART:  Thank you, Your Honor.
11:51   2            THE COURT:  Mr. Lee.
11:51   3            MR. LEE:  Thank you, Your Honor.
11:51   4            As to the motion in-limine itself, I understand
11:51   5   Your Honor is going to exclude any legal conclusion -- legal
11:51   6   opinions from the experts and we appreciate that.  However,
11:51   7   like Your Honor said, I think some careful parsing will have
11:52   8   to be done because when we were taking the deposition of Mr.
11:52   9   Connolly, it became clear that his entire purpose in his
11:52  10   mind was to instruct the jury on these laws, on how they
11:52  11   apply, and just to tell the jury that the City's regulations
11:52  12   are illegal, that they violate the law, that they're
11:52  13   facially discriminatory.
11:52  14            THE COURT:  Well, I plan to rule on this by taking
11:52  15   a copy of Connolly's report and literally, you know, when he
11:52  16   gets past the factual stuff at the beginning, literally mark
11:52  17   it up.
11:52  18            MR. LEE:  Understood, Your Honor.
11:52  19            THE COURT:  So it'll be clear what I think is in
11:52  20   and out.
11:52  21            MR. LEE:  Thank you, Your Honor.
11:52  22            And I would like to address the further points
11:52  23   that the discussion turned to with regards to facial
11:52  24   discrimination and pretrial jury instruction.  I think
11:53  25   there's some conflating going on here with regards to facial
```

**CERTIFICATE**

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: March 19, 2022

/s/   Sharon A. Seffens   3/19/22
_____
SHARON A. SEFFENS, U.S. COURT REPORTER